Prickett *v.* Ritter.

NANCY A. PRICKETT, Appellant, *v.* HENRY RITTER, Appellee.

APPEAL FROM MADISON.

Where a tenant under a lease for a year or years, or for a stated period, holds over, it will be construed as an implied agreement that he shall hold for a corresponding period, upon the same terms, as to rent and times of payment, unless there be some act of one or of both the parties, which rebuts the implication.

To terminate a tenancy by the month or week, a notice for a like time is requisite, which should be fixed by the rent day.

Demand for possession in order to proceed under the act of forcible entry and detainer, should be made after the termination of the time for which the premises were let.

THIS record shows a notice in the following form :

" STATE OF ILLINOIS, } ss.
    *Madison County.*      }

To HENRY RITTER, SIR :—You are hereby notified that I demand possession of the house now occupied by you, situate on lot number twenty-three, in the town of Edwardsville, by the first day of September, A.D. 1854, your time expiring on the last day of August of said year, and unless possession be delivered as above demanded, you will be proceeded against, as by the statute in such case made and provided.

                                                           N. A. PRICKETT.

EDWARDSVILLE, August 17th, 1854."

This notice is followed by an affidavit, showing the leasing of the premises, the demand as aforesaid, and that Ritter willfully and without force, held over the said premises, notwithstanding the time for which he had rented had expired. A summons was issued by a justice of the peace, of Madison county, a trial by jury, and a finding that Ritter was guilty of forcible detainer. Ritter took an appeal to the circuit court. At October term, 1854, of the Madison Circuit Court, UNDERWOOD, Judge, presiding, a trial was had on the appeal to that court, and the defendant was found not guilty ; and the appellee there, took an appeal to this court.

Ritter admitted in the circuit court, that he had rented the premises in dispute from Mrs. Prickett at the time mentioned in the complaint by the month, at the rent of eight dollars per month, and that he had occupied said premises up to the time of the commencement of the suit, and that four months' rent was due and unpaid, which had been demanded.

A. W. METCALF, for Appellant.

J. and D. GILLESPIE, for Appellee.

SCATES, J.    About the first day of March, 1852, the plaintiff leased a house and lot in Edwardsville, for one month, at eight dollars per month.    Without further agreement, defendant continued to occupy, until the 17th day of August, 1854, when plaintiff gave notice to defendant to quit on the 31st, and demanded, in writing, the delivery of possession on the first day of September, 1854, in the same notice.

Upon failure to deliver possession, plaintiff brought a writ for forcible detainer, on the 13th September.    The only questions presented are, whether the notice to quit is required, or was sufficient, and whether the demand of possession is sufficient.

The general doctrine of the common law, as found in the reports and elementary writers, in relation to notice in such cases, seems to dispense with notice to quit, in cases where there is a fixed, determinate period for the expiration of the lease. *Messenger* v. *Armstrong,* 1 Term, 54; *Right* v. *Darby,* ibid. 162; Archb. Land. and Ten. Side, 86, (28 Law Lib. 100); *Cobb* v. *Stokes,* 8 East. 358; *Ellis* v. *Paige et. al.,* 1 Pick. 43; *Clapp* v. *Paine,* 18 Maine, 268; 4 Kent Com. 114.

But where the holding is for an indefinite period, a reasonable notice to quit is necessary to terminate the tenancy.    10 East, 261, note to *Doe ex demise Burne* v. *Rawlins; Doe ex dem Strickland et. al.* v. *Spence et. al.,* 6 East, 120.    In this last case, Lord Ellenborough said that the rule requiring six months' notice in tenancies for a year, was as old as the reign of Henry VIII., and is well supported by adjudged cases.    10 East. 261, and note 2; *Parker dem Walker* v. *Constable,* 3 Wils. 25; *Right dem Flower* v. *Darby et. al.,* 1 Term, 159; Archb. Land. and Tent. 86, (28 Law Lib. 99.)

The authorities all seem to agree that where notice is required, it must be given a due length of time before, and terminate with a regular period in the tenancy, that is, at the end of a year, half year, quarter, month or week, according to the party's right to terminate it by the notice.    Archb. Land. and Ten., *ubi supra;* 1 Term, 159; 5 Term, 271; 6 Bing. 574; 10 East, 261, note 2; *Coffin* v. *Lunt,* 2 Pick. 71, and note, Justice Putnam's opinion.

Where a party enters upon premises under a lease for a year or years, and holds over, it will be construed as an implied agreement for a year, and from year to year.    Where the lease is for any period less than a year, the holding will be construed as being for another term of the same length of time; and in all cases as upon the same terms, as to the amount of rent and times of payment, unless there be some act of one or both of the parties to rebut such an implication.    Archb. Land. and

7

Ten. 66; 11 Wend. 618; 4 Kent Com. 111–12; 2 Cowen, 660; 1 Term, 162; 24 Maine, 287. I have met with no case where the question was directly presented whether notice was required to terminate a tenancy by the month. But the rule seems to have been universally recognized as existing, by uniformly requiring a month's notice to terminate such a tenancy. Archb. Land. and Ten. 87; 10 East, 261, note 2; 4 Kent Com. 113; *Doe ex dem Parry* v. *Hazell*, 1 Esp. 94; *Prindle* v. *Anderson*, 19 Wend. 393; 1 Term, 162, per Lord Mansfield; 4 Eng. Ark. 566; 2 Pick. 71, and note of Putnam J.'s opinion in *Ellis* v. *Paige et. al.* The rule seems to have been adopted in practise in relation to weekly tenancies, 1 Esp. 94; and so laid down as requiring a week's notice to terminate the tenancy. Archb. Land. and Ten. 87; 4 Kent Com. 113.

Parker, Baron, in *Huffell* v. *Armistead*, 7 Carr & Pay, 56, (32 Eng. C. L. 433), doubted the existence of the rule, in relation to monthly or weekly holdings—alleging that he was not aware of any decision to that effect.

I have met with no decision on the necessity of the notice, but there are many which recognize it incidentally in determining the sufficiency of the notice under the particular circumstances of the case, as in Esp. R., Kent Com., Archb. Land. and Ten., 19 Wend., above cited; to which many others might be added, if deemed requisite.

The rule thus stands for authority, upon the long, uniform practise and recognition of it by parties, counsel, elementary writers and the courts. It may further claim a foundation in the reason, justice and equity of its application to this class of human transactions, which is strengthened and sanctioned by legislative adoption in many analogous cases, under acts in relation to forcible entry and detainer, and such like. See Rev. Stat. 1845, p. 333, Sec. 2, Landlord and Tenant.

Under this review of the authorities, we are authorized to resolve these questions, now for the first time distinctly presented, by holding the notice necessary under a tenancy like the present, and that it should be given for one month, and terminating with the month as fixed by the rent day, or falling due of the rent.

In relation to the " demand in writing for possession " of the premises under the act in relation to forcible entry and detainer, we are of opinion that the " demand " should be made " after the determination of the time for which such lands, tenements or possessions were let." Such is obviously the meaning of the statute. (Rev. Stat. 1845, p. 256, Sec. 1.) Reason and analogy sustain this interpretation. No one should be put in the wrong by a demand which another had no right to make, of a thing

he had no right to receive or possess, and therefore it would seem he should have no right to demand. Could a bailee be charged with a conversion by a demand of the pledge, before a tender of his advances, or the determination of his special title or right of possession? If A. promise to pay B. a certain sum on demand after a future day, could B. bring his action on a demand made before that day?

The holding over must be " willful," " after the demand," and this cannot be said of a holding under and during the lease, but only " after the determination " of it. This agrees with the provision of the act, giving double rent against tenants for life or years, who " willfully " hold over " after the *expiration* of such term or terms, *and* after demand made and notice in writing given for the possession thereof." Rev. Stat. 1845, p. 333, Sec. 2, Sec. 25 ; Maine, 287.

This construction has been applied in Maine to a similar statute, though I have not seen the details of its provisions, further than that thirty days should elapse after the demand. In *Clapp* v. *Paine*, 18 Maine, 264, the tenancy had to be determined by thirty days' notice, and it was held that it must expire before the demand was made of the possession. And this was followed in *Smith* v. *Rowe*, 31 Maine, 212 ; though a different rule had been applied in *Wheeler* v. *Cowan*, 25 Maine, 285 ; but which seems to have been under a different section of their statute.

*Judgment affirmed.*