ELISHA HUNT, Appellant, v. ASA MORTON, Appellee.

### APPEAL FROM PIKE.

Where a tenant went into possession of land without any specific contract for the payment of rent, with permission to remain on it until spring, and continued in possession raising crops for two years and upward, it was held to be a tenancy from year to year, and that a proceeding for forcible detainer, where notice to terminate the tenancy had not been given, could not be sustained.

ON 25th February, 1853, appellant commenced an action of forcible detainer, against appellee, before a justice of the peace of Pike county, to recover a piece of land in said county, described in an affidavit then filed before a justice. The affidavit states, in substance, that the appellee went into possession of the premises under his (appellee's) father, and lived thereon with his father; that the father went into possession of the premises as the tenant of the appellant, and that the time for which the premises were let to the father has expired; that after said time expired, notice for possession of said premises was served on appellee, and that appellee holds over said premises after demand, etc.

A writ was issued, served on appellee, a trial had, and verdict for appellant.

An appeal to the Pike circuit court was taken, by the present appellee, on 29th March, 1853, and the cause continued from term to term.

At March term, 1855, a motion was made to dismiss appeal.

At September term of said court, said motion was overruled, and at same time a jury was impanneled, and after hearing the evidence of appellant, on motion of appellee, the testimony on part of appellant was excluded from the jury, on the ground that the testimony did not tend to prove a forcible detainer, and under the oral instruction of the court to that effect, a verdict was rendered for appellee. A motion was entered for a new trial, which was overruled, and judgment entered on said verdict.

Errors assigned are:

1st.   In overruling motion to dismiss appeal.

2d.   In sustaining motion to exclude appellant's evidence from the jury.

3d.   In excluding appellant's evidence from the jury.

4th.   In giving oral instructions to the jury.

5th.   In instructing the jury that there was no evidence before them, and that they should find a verdict for appellee.

6th.   In refusing motion for a new trial.

W. A. & J. GRIMSHAW, for Appellant.

C. L. HIGBEE and M. HAY, for Appellee.

CATON, J. The whole of the merits of this case resolve themselves into the inquiry, whether this was a tenancy at will, or from year to year. The father of the defendant was admitted into the possession of the premises in the fall of 1850, by an agent of the plaintiff, without any specific contract for the payment of rent, with the agreement that he might remain till spring. He continued in the possession of the premises with his family, of which the defendant was a member, during the year 1851, and that season cultivated and raised a crop on the land. Sometime during the winter of 1851–52, the father of the defendant left the premises in the possession of the defendant, who cultivated and raised a crop upon them in 1852. At what particular time, the defendant succeeded to the possession of his father, is not very satisfactorily shown by the testimony, but there is no doubt that he did obtain the possession through his father; and so far as the rights of the plaintiff are concerned, it was but the continuance of the original possession taken by his father in the fall of 1850, and the case should be considered the same as if the father had continued and was still in possession. There never was, strictly speaking, a tenancy at will. By agreement the first tenancy was to continue till the spring of 1851, with some encouragement from the plaintiff's agent, that the tenancy might continue for the year; or, at least, so long as would enable the tenant to raise a crop on the land, which would have taken the balance of the year. Without any new agreement, and without objection from the landlord or his agent, the tenant continued his possession for two years and over, and cultivated the land in crops for both seasons. This certainly created a tenancy from year to year, if it is possible for such a tenancy to be created without an express agreement to that effect, which I presume will not be controverted.

I shall not stop to refer to the authorities, showing that a tenant from year to year is entitled to six months' notice prior to the expiration of the year, in order to terminate the tenancy. They are sufficiently referred to in the case of *Prickett* v. *Ritter*, 16 Ill. R. 96; although that was of a monthly and not of a yearly tenancy. We hold such to be the law in this state, as it has been held in England and most of the states of the Union. Here no notice to quit, as required by law to terminate the tenancy was given; consequently, that tenancy still continued, when this action was commenced. Such being the case, we cannot hold that the plaintiff was injured by the decision of the court withdrawing the evidence from the jury. The nature of the tenancy was a question of law to be decided by the court. It being a tenancy from year to year, which still continued for want of a notice to terminate it, of which there was no pretense, all other testimony became immaterial,

for it was impossible, in the present state of the case, for the plaintiff to recover.

The judgment must be affirmed.

*Judgment affirmed.*