Tanton v. Van Alstine.

JOHN TANTON

V.

JOHN E. VAN ALSTINE.

*Landlord and Tenant—Tenancy from Year to Year—Termination of—Notice—Instructions.*

1. A tenancy from year to year, although commenced under a parol agreement, can only be determined by the statutory notice of sixty days, in writing.

2. In an action to recover rent under a tenancy from year to year, in the absence of the required notice to determine the tenancy, it is error to instruct the jury that the defendant is not liable unless he actually used and occupied the premises for the year in question.

[Opinion filed December 9, 1887.]

APPEAL from the Circuit Court of Woodford County; the Hon. N. W. GREEN, Judge, presiding.

Mr. W. L. ELLWOOD, for appellant.

No brief was filed for appellee.

BAKER, J. Tanton, appellant, was the owner of a forty-acre tract of land that was surrounded on all sides by lands owned and occupied by Van Alstine, appellee. In 1878 or 1879, the witnesses are uncertain which, the parties entered into a verbal contract by which appellant rented said forty acres to appellee at $50 a year, no length of time the lease was to continue being agreed upon, and the arrangement being that either party should give the other notice of his intention to end the lease. It seems the land was occupied by the tenant and the rent settled for at $50 a year down to March 1, 1884. This suit was for the recovery of $50 for rent for the year ending March 1, 1885. On appeal from a Justice of the Peace, a trial in the Woodford Circuit Court resulted in a verdict and judgment for appellee.

Tanton contends that he is entitled to recover the $50 under the terms of his express contract; while the position of Van Alstine seems to be that as that contract was verbal and made in 1878 or 1879 he is not responsible for the rent of 1884 unless he used and occupied the land that year. While he insists he did not use the land in 1884, the evidence tends to show that he that season pastured Gould's cattle thereon, as well as on his own land. We do not, however, regard this matter as very material in the settlement of the present controversy.

In the view we take of the case we may wholly ignore the terms of the special agreement, and all consideration of the provisions of the Statute of Frauds. It is an admitted fact that appellee took possession of the premises as tenant of Tanton in 1878 or 1879, and continued in the use and occupation of them until 1884, and each year paid or settled $50 a year as rent therefor. The tenancy thereby became a tenancy from year to year, and each party was bound to give the other at least sixty days' notice in writing in order to terminate the tenancy at the end of the year. Sec. 5, Statute of Landlord and Tenant. As tenant from year to year, Van Alstine was entitled to the statutory notice to quit, and could not have been evicted from the land by his landlord without such notice. Prickett v. Ritter, 16 Ill. 96; Creighton v. Sanders, 89 Ill. 543. The rights of the parties in this respect were reciprocal, 4 Kent's

Com. 111 and 112. The evidence shows that no notice to terminate the estate was given by either party. Appellee, then, had the right to use and occupy the land during 1884, and if he did not do so it was his own fault, and whether he used the land or not, he was liable for the rent of that year. In all cases of a renting from year to year or month to month the holding will be construed to be at the same rent unless there be some act of one or both of the parties to rebut such an implication. Prickett v. Ritter, 16 Ill. 96; Clapp v. Noble, 84 Ill. 62; Clinton Wire Cloth Co. v. Gardner, 99 Ill. 151. Our conclusion is, that the verdict of the jury should have been for appellant for $50.

At the trial, the court, at the instance of appellee, instructed the jury that he, appellee, was not legally bound to use the land for the year 1884, and was not liable to pay rent for the same for the year 1884, unless the jury believed from the evidence that he used and occupied the same for that year. Such instruction was in conflict with the views we have herein expressed, and was erroneous, and, without doubt, it induced the jury to return the verdict they did.

The judgment is reversed, and the cause remanded for further proceedings in conformity with this opinion.

*Reversed and remanded.*