RICHARD GOLDSBOROUGH

*v.*

JOHN M. GABLE.

*Filed at Ottawa January 18, 1892.*

1. LANDLORD AND TENANT—*tenant holding over after expiration of term—rights of landlord.* Where a tenant holds over after the expiration of his term, without any new contract in respect thereto, the landlord will have the option to treat him as a trespasser, or waive the wrong of holding over and treat him as a tenant, and the acceptance by the landlord of the rent reserved will amount to an election on his part to continue the tenancy, and the tenancy will be continued on the same terms as before.

2. SAME—*agreement to reduce rent—want of consideration.* Where a landlord, at the request of the tenant, agrees to reduce the rent reserved in the contract of leasing, and there is no evidence tending to show the tenant had surrendered the premises or that he offered to do so, and refused to execute the terms of the lease, or that there was any reason why he could then have surrendered the premises and refused to execute the terms of the lease, such parol agreement to reduce the rent will be void for want of consideration, and the landlord may collect the rent provided for in the written lease.

3. Where the tenant is not shown to have changed his position in consequence of the agreement to reduce the rent, and there is nothing to show any injury or loss to the tenant or gain or benefit to the landlord in consequence of such agreement, the latter will not be estopped from demanding and collecting the rent originally agreed to be paid; and such agreement to accept a reduced rent will not have the effect of an executed gift as to the difference in the original rent and that afterward agreed to be taken, when no receipt or release is given for the rent.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Peoria county; the Hon. S. S. PAGE, Judge, presiding.

Messrs. MCCULLOCH & MCCULLOCH, and Messrs. SHEEN & LOVETT, for the appellant:

Where a tenant holds over it will be construed as an implied agreement to hold for a corresponding period and upon the

same terms as by the original lease. *Prickett* v. *Ritter*, 16 Ill. 96.

The legal presumption of a renewal from the holding over can not be rebutted by proof of a contrary intention on the part of the tenant, alone. *Clinton Wire Cloth Co.* v. *Gardner*, 90 Ill. 151; *Webster* v. *Nichols*, 104 id. 160.

Having entered upon the term, it can not be abandoned except at the end of the year. *McKinney* v. *Peck*, 28 Ill. 174.

The yearly tenancy thus implied from the holding over is governed by the provisions of the expired lease. Smith on Landlord and Tenant, 219-221; *Frouty* v. *Wood*, 2 Hill, 367; *Richardson* v. *Gifford*, 2 A. & E. 52; *Beale* v. *Sanders*, 3 Bing. 850; *Brewer* v. *Knapp*, 1 Pick. 335; *Diller* v. *Roberts*, 13 S. & R. 60; *Bacon* v. *Brown*, 9 Conn. 334; *Dorrill* v. *Stevens*, 4 McCord, 59; *DeYoung* v. *Buchanan*, 10 G. & J. 149; *Conway* v. *Starkweather*, 1 Denio, 113; *Hawkins* v. *Pope*, 10 Ala. 493; *Phillips* v. *Menger*, 4 Whart. 226; *Jackson* v. *Patterson*, 4 Harr. 534; *Lockwood* v. *Lockwood*, 22 Conn. 425.

Proof was admitted upon the trial to. show a change in the terms of the tenancy in one particular, only,—namely, the amount of rent to be paid per month. There was no offer to show a surrender of the lease or the creation of any new tenancy. This alleged change in the terms of the tenancy had no other foundation than the verbal assent of appellant, and that was based upon no other consideration than the promise of appellee to remain as tenant of appellant. Such a contract is void for these reasons: .

*First*—It is without consideration. Appellee was in law bound to appellant for the rents as provided for in the lease, at least until March, 1885. His promise to keep the premises and pay a less rent was therefore no consideration for the plaintiff to reduce the rate. A promise to do that which one is already bound to do is no consideration for a contract. *Loach* v. *Farnum*, 90 Ill. 368; *Miller* v. *Ridgely*, 19 Ill. App. 306.

*Second*—Such a contract can not rest in parol. The estate was created by deed. It can not be changed, although under certain circumstances it may be put an end to by parol. *Clinton Wire Cloth Co.* v. *Gardner*, 99 Ill. 151; *Loach* v. *Farnum*, 90 id. 368; *Chapman* v. *McGrew*, 20 id. 101; *Hume* v. *Taylor*, 63 id. 43; *Barnett* v. *Barnes*, 73 id. 216; *Breher* v. *Reese*, 17 Ill. App. 545; *Conway* v. *Starkweather*, 1 Denio, 113; *Schuyler* v. *Smith*, 51 N. Y. 309; *Hemphill* v. *Flynn*, 2 Pa. St. 144; *Ames* v. *Schnesler*, 14 Ala. 600; *Crommelin* v. *Theiss*, 31 id. 412.

Mr. ISAAC C. EDWARDS, for the appellee:

Plaintiff's counsel contend that as the old lease was under seal, the subsequent verbal lease was void for want of a new consideration. They thus ignore the fact that the old lease had expired by its own terms, and that there was no holding over under it, and that the parties to the old lease, after its expiration, made a new parol lease, which had been fully executed by all the parties to it before this suit was brought.

We contend that if the parties to the old lease had, during the time for which the old lease was given, and before its expiration, met, and by parol agreed that Gable was to surrender the old lease and take a new one for the same premises, such parol surrender would be good, although the original lease was in writing and under seal. *Baker* v. *Pratt*, 15 Ill. 568; *Allen* v. *Jaquish*, 21 Wend. 628; *Dearborn* v. *Cross*, 7 Conn. 48; *McKenzie* v. *Lexington*, 4 Dana, 129.

If a lease under seal can be surrendered by parol, the courts will surely uphold a parol contract entered into after the expiration of the written lease by its own limitations, and fully executed by both parties.

We contend that where it is virtually agreed between the parties that a lease shall be surrendered, and a new one is thereupon made, and the landlord accepts the new lease, this will estop the landlord thereafter from denying the surrender

of the first lease, notwithstanding it was in writing, under seal, and the agreement to surrender was verbal. *Dills* v. *Stobie*, 81 Ill. 205.

·Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Appellant brought covenant against appellee for rent. Upon the trial in the circuit court, appellant read in evidence a deed executed by himself to appellee, leasing certain real estate in Peoria, from March 18, 1883, until March 18, 1884, for $840, payable in installments of $70 on the 18th day of each month, occupation of the premises after the execution of the deed by appellee until the 18th of October, 1888, the payment of the stipulated rent for the term described in the deed, the failure of appellee to surrender possession of the premises at the expiration of the term, and his continued occupancy thereof, payment of the same rent for the first month after the expiration of the term, as provided by the deed to be paid by the month during the term, and the payment of other sums for rent, from time to time, throughout the period that appellee occupied the premises, amounting, however, in the aggregate, to a less sum than the total amount of rent due at the rate provided to be paid by the deed.

Appellee was permitted to introduce evidence, over the objection of appellant, tending to prove that, after the expiration of the term described in the deed, and after he had paid appellant one month's rent for the occupation of the premises at the rate provided to be paid in the deed,—namely, on the 28th of May, 1884,—he commenced negotiating with appellant to reduce the rent for the premises; that the negotiation was protracted until the 9th of July following; when it was agreed between appellant and appellee that the rent for the premises should be reduced to $50, in lieu of $70, per month, as it had been theretofore. And the court refused to instruct the jury, at the instance of the appellant, that even if they

believed such agreement had been proved, it was "invalid, and could not be enforced;" but on the contrary, the court instructed the jury, that if they believed, from the evidence, that such agreement had been proved, it was valid, and the plaintiff was thereafter entitled to recover only $50 per month for the rent of the premises.

In our opinion the court erred in these several rulings. There was no evidence given on behalf of appellee tending to prove that he had surrendered the premises to appellant before the making of the agreement of July 9, 1884, or that he had offered to do so and refused to execute the terms of the deed, or that there was any reason why he could then have surrendered the premises and refused to execute the terms of the deed. Appellee having remained in possession after the expiration of the term described in the deed without any new contract with appellant in respect thereto, it was optional with appellant to treat him as a trespasser, or to waive the wrong of holding over and treat him as a tenant; and by accepting the payment of the month's rent thereafter from appellee, appellant made his election, and appellee then became a tenant of the premises, under appellant, from year to year, upon the same terms and subject to the same rent, etc., as is provided to be paid in the original deed. *Prickett* v. *Ritter*, 16 Ill. 96; *Hurst* v. *Morton*, 18 id. 75; *McKinney* v. *Peck*, 28 id. 174; *Clinton Wire Cloth Co.* v. *Gardner et al.* 99 id. 151; *Webster* v. *Nichols*, 104 id. 160.

The only respect wherein the agreement of the 9th of July, 1884, whereof evidence was permitted to be given to the jury, purported to change this tenancy from year to year, is in the amount of the monthly payments of rent to be made. Appellee, by that agreement, is required to do nothing which he was not already obligated to do as tenant from year to year, and appellant's duties are in nowise lessened or changed thereby. It simply purports to obligate appellee to pay and appellant to receive $50, where they were already obligated, the one to

18—140 ILL.

pay and the other to receive $70. There is, thereby, neither in fact nor in presumption of law, injury or loss to appellee, or gain or benefit to appellant. It follows that it is an agreement, as clearly as one can be, without any consideration to support it,—a mere *nudum pactum;* and so it is binding upon neither of the parties, and is unsusceptible of being enforced in this suit. *Titsworth* v. *Hyde,* 54 Ill. 386 ; *Seybolt* v. *N. Y., L. E. and W. R. R. Co.* 95 N. Y. 562 ; *Davenport* v. *First Cong. Society,* 33 Wis. 387 ; *Johnson's Admr.* v. *Seller, Admr.* 35 Ala. 265 ; *Gordon* v. *Gordon,* 56 N. H. 170. See, also, 3 Am. and Eng. Ency. of Law, 390, 391, and notes.

It is impossible to say that the agreement was made as an adjustment of a dispute in regard to a doubtful right, for appellee's own testimony shows that there was no fact in dispute between him and appellant. His testimony is only that he claimed that the rent should be reduced, and that appellant resisted the claim at first, but finally yielded to the extent shown by the agreement. It can not be held that appellant is in any way estopped by the agreement, since it is not shown that appellee has, in consequence of it, done that which he would otherwise not have done, whereby he will be injured if the agreement be not carried out. Nor can it be held that the agreement has the effect of an executed gift as to the difference between the $50 and the $70 per month, because there was executed no receipt or release for the amount, and there was no proof of any action of the parties equivalent thereto.

The judgments of the Appellate and circuit courts are reversed, and the cause is remanded to the circuit court for a new trial.

*Judgment reversed.*