Eunice Bedell et al., Appellees, v. George S. Clark, Appellant.

1. LANDLORD AND TENANT—*effect of leasing for indefinite time.* A contract of leasing made for an indefinite time, as "until the demised premises shall be leased to another," creates a tenancy at will.

2. LANDLORD AND TENANT—*notice essential to terminate tenancy at will.* In order to terminate a tenancy at will where the rent is payable by the month, a thirty days' notice is required, which must be given not later than the last day of the month preceding the month at the end of which the tenancy is sought to be terminated; such a notice should specify the day on which the premises are required to be vacated.

Forcible detainer. Appeal from the County Court of Wabash county; the Hon. JOHN A. LOPP, Judge, presiding. Heard in this court at the February term, 1909. Reversed. Opinion filed November 13, 1909.

E. B. GREEN and THEODORE G. RISLEY, for appellant.

M. H. MUNDY, for appellees.

MR. JUSTICE DUNCAN delivered the opinion of the court.

Appellees commenced an action of forcible detainer before a justice of the peace on the first day of September, 1908, by complaint filed, for the recovery of the store-house of the Bedell Block, No. 416 Market street, in the city of Mt. Carmel.

The trial resulted in a judgment in favor of the plaintiffs and against the defendant, appellant, for recovery of said premises and costs of suit. Appellant perfected an appeal to the January term, 1909, of the County Court of Wabash county, in which court the cause was tried on January 18, 1909, before the judge without a jury, and again resulted in a judgment against appellant, from which judgment the appellant has appealed to this court.

The facts are not controverted, and appear in the record as follows: A lease was executed on August 27, 1907, by appellees to appellant for said premises from the first day of July, 1907, to the first day of July, 1908, with the right, at option of appellant, to hold until the first day of July, 1912, at a rental of one hundred dollars per month, payable monthly in advance. On July 1, 1908, appellant instead of exercising his option to hold to July 1, 1912, surrendered the lease, saying to J. H. Decker, one of appellees: "My expenses are so great that I cannot keep both buildings, and you go ahead and rent the room and as soon as you do that, I will move the goods up to the other store;" and at that time appellant paid a month's rent for the month

of July, which was received by Decker for the owners, appellees. In three or four days Decker rented the room and notified appellant, and appellant said he was sorry and wanted to keep it, and asked if there was no way it could be fixed up. Decker told him there was no honorable way he knew of, as he had promised the room to another.

On the 29th day of July, 1908, Decker, for appellees, served on appellant a written notice to quit and deliver possession of the premises on the first day of September, 1908; and, on August 1, 1908, called on appellant and collected another month's rent for the month of August. The rent was at all times paid promptly, and Decker, the only witness sworn, said the last month terminated on the last day of August.

Before entering on the trial, appellant filed his motion, based on the transcript from the justice of the peace, to dismiss the suit, because prematurely brought. This motion was renewed by appellant at the close of all the evidence, but both motions were overruled by the court. Thereupon the court found the defendant guilty as charged, and rendered judgment for recovery of the premises and costs, and exceptions were taken by appellant.

The only question for consideration by this court is, whether or not the suit was prematurely brought. The parties to this suit, at the end of the first year, by their express verbal agreement, made a new contract of leasing. It was not a contract for a term or a definite time, but a contract for an indefinite time, as it was uncertain when the premises would be rented to another. The rent was collected monthly after this contract, without any further agreement, as appears from the evidence. The tenancy created by this contract was what is known as a general tenancy at will, or from year to year or from month to month. Taylor's Landlord and Tenant, secs. 59 and 60.

It required notice by the landlords to the tenant to terminate this tenancy. Taylor's Landlord and Ten-

ant, section 62; Wood's Landlord and Tenant, sections 19 and 50; Wade on Law of Notice, sections 581 and 584; Prickett v. Ritter, 16 Ill. 96; Hately v. Myers, 96 Ill. App. 217; Hunt v. Morton, 18 Ill. 75.

The notice served in this case indicates that the appellees regarded the tenancy of appellant as one from month to month, and that he was entitled to thirty days' notice to quit. We think this is the correct view of the matter. If, as is shown by the evidence, the last payment of rent was for the month of August, and it was desired to terminate appellant's tenancy at the end of that period, the notice should have been given to him to surrender on the last day of August, as that month would expire on that day at midnight. At least this is the latest date the notice should have specified to enable the appellees to bring their suit on September 1, 1908. Prickett v. Ritter, 16 Ill. 96; Wade on Notice, sections 609, 610, 611.

The notice must, of course, specify the date on which the premises are required to be vacated. Wade on Law of Notice, sec. 631.

Under the Statutes of 1845, a suit for possession in forcible detainer could not be maintained against a tenant from year to year, or from month to month, until demand for possession was made by the landlord; and this demand could not be effectively made until after the tenancy had been terminated by the proper notice. This doctrine is fully discussed in the case of Prickett v. Ritter, *supra.*

The fourth clause of section 2 of our Forcible Entry and Detainer Act dispenses with this demand for possession, and provides that the person entitled to possession of lands may be restored thereto in the manner provided in that act, ''When any lessee of the lands or tenements * * * holds possession without right after the determination of the lease or tenancy by its own limitation, condition or terms, or by notice to quit or otherwise.'' This section specifies the conditions fully upon which the appellees' suit must be maintained.

Unless the tenancy of the appellant was terminated at the time this suit was brought, the suit is premature and cannot be maintained.

The foregoing authorities make it clear that the tenancy of appellant was not terminated by proper notice on the day the suit was brought in this case. The notice specified definitely that the appellant was to deliver up the possession of these premises on the first day of September, the very day this suit was brought for possession. It is not sufficient to say that the suit could have been maintained if the notice had specified a day earlier for the delivery of possession, and that the tenant understood his tenancy was intended to be terminated at the end of the period to which he had paid rent. Neither is it sufficient that the notice may give more days' notice than was required. It fixed the date of delivering up possession on a day certain, September 1, 1908; and the appellant by that notice had the whole of that day in which to deliver the premises or vacate them, that is, until midnight of that day, and the suit was therefore prematurely brought.

It is admitted by the appellees in their argument that the contract to hold the room until Decker rented it created a tenancy for an indefinite time. But, they say, ''when Decker three or four days afterwards notified appellant that he had rented the room to another, and then received rent for the month of July, the time became definite and expired on the last day of July; and when that month had expired and appellant paid rent for the month of August, the time was definitely fixed, and expired on the last day of August.'' We cannot agree with this proposition. If we concede that the notifying appellant that the premises were rented to another made the tenancy a definite one, expiring on the day of such notice or on the last day of July, the holding over and again paying rent for August without further agreement, by all the authorities, would create the same character of tenancy we have just been discussing, a general tenancy at will. It is the holding

over and paying the same rent, without further agreement, that creates a tenancy from year to year, or from month to month, or from week to week, when the first contract to lease was for a specified year or month or week, as the foregoing authorities cited abundantly show.

For the reasons above stated, the judgment of the County Court is reversed.

*Reversed.*