## Thomas Bell, Appellant, v. Frank V. Groom, Appellee.

### Gen. No. 6,915.

1. LANDLORD AND TENANT—*when holding over creates tenancy
from year to year.*  A tenant under a written lease for a year or
years who holds over without any further agreement or understand-
ing becomes a tenant from year to year and the tenancy is subject
to all the covenants and stipulations contained in the original lease,
so far as they are applicable to the new condition of things.

2. LANDLORD AND TENANT—*when holding over creates tenancy
from year to year.*  When a tenant holds over after the expiration

Bell v. Groom, 224 Ill. App. 58.

of the original term under a written lease for a year or years, his holding over does not renew or extend the original lease for a like term but, in case such holding over is acquiesced in by the landlord, the tenancy becomes a tenancy from year to year.

3. LANDLORD AND TENANT—*nature·of tenancies from year to year.* Tenancies from year to year are the creation of judicial decisions, based upon principles of policy and justice, and are indeterminate as to duration, the tenant having a lease for a year certain with a growing interest that his tenancy may continue from year to year thereafter until it is terminated by some affirmative act of the landlord, recognized or commanded by law.

4. LANDLORD AND TENANT—*when notice or demand to quit or surrender up possession not necessary.* Where a tenancy is for a fixed period, such as a year or a term of years, no notice or demand to quit or surrender up possession at the expiration of the term is necessary under the law and a covenant that the lessee will yield up the premises without notice adds nothing to the rights of the lessor and takes nothing from the rights of the lessees and the tenant's duty with respect to yielding up possession at the end of the term without notice is the same with or without such covenant.

5. LANDLORD AND TENANT—*necessity of 60 days' notice to terminate tenancy from year to year.* To terminate a tenancy from year to year, 60 days' notice is necessary regardless of the terms of the original lease out of which the tenancy grew.

Appeal from the Circuit Court of Fulton county; the Hon. HARRY M. WAGGONER, Judge, presiding. Heard in this court at the April term, 1921. Affirmed. Opinion filed February 23, 1922.

R. D. ROBINSON, HARVEY H. ATHERTON and GLENN RATCLIFF, for appellant.

CLARENCE W. HEYL, HARRY C. HEYL and M. P. PRICE, for appellee.

MR. JUSTICE JONES delivered the opinion of the court.

The appellant, Thomas Bell, on August 2, 1917, by an indenture of that date, leased and demised to the appellee, Groom, a certain brick store building and warehouse in the village of London Mills, Illinois, from the 1st day of August, 1917 to the 1st day of August, 1918, at an annual rental of $240 due and payable in equal monthly instalments, the first payment being

due August 1, 1917. The lease provided, among other things, that the lessee, at the expiration of the term of the lease, would yield up the premises to the lessor without further notice.

The appellee went into possession of the premises at the beginning of the lease and has continued to occupy the same ever since without any other agreement with his landlord with reference to the tenancy. He has paid the rent each month up to and including July 1, 1920, which was in full of all rent due to August 1, 1920. On June 17, 1920, the appellant caused a notice to be served on appellee notifying the latter to quit and deliver up possession of the premises within 10 days from that date. No other notice or demand for possession has been given.

Appellant instituted proceedings in forcible entry and detainer against appellee on August 25, 1920. At the time of the hearing of this cause before the justice of the peace, appellee tendered the sum of $40 as rent for August and September and has also tendered to the appellant the rent for each and every month thereafter up to the time of the trial of this cause in the circuit court where the case was heard by the court without the intervention of a jury upon a stipulation of facts. The circuit court entered a judgment in favor of the appellee. This cause is here on appeal from such judgment.

The only question which is urged before us and the only one which is involved in this case is whether or not appellant was entitled to possession of the premises in question on August 1, 1920, without having given appellee a 60-day notice in writing prior thereto.

It is contended by appellant that where a tenant by the year or for a longer period holds over after the expiration of his term, and where the lease specifically provides that at the expiration of the term the tenant will yield up the premises to the landlord without further notice, such covenant to yield up possession is

binding on the tenant at the expiration of each and every year of his occupancy thereafter and that no notice to quit is required prior to the expiration of any year in which the tenant holds over.

Under the terms of the original lease, in this case, appellee's tenancy expires on the last day of July, 1918. He has held over ever since and it is his contention that under the facts as the same are stipulated, he is now a tenant from year to year and that his tenancy cannot be terminated except by a 60-day written notice to him prior to the expiration of the year of his tenancy in which the notice is given.

It has been repeatedly held by the Supreme Court of this State that where a tenant under a written lease for a year or years holds over without any further agreement or understanding, he becomes a tenant from year to year and the tenancy is subject to all the covenants and stipulations contained in the original lease, so far as they are applicable to the new condition of things. This principle of law was first announced by our Supreme Court in *Prickett v. Ritter,* 16 Ill. 96, and has since then been followed and approved in a long line of cases. In fact this principle, so far as we can observe, is the rule of law in all jurisdictions where tenancies from year to year are recognized.

It will be noted that the holding over does not renew or extend the lease but it creates a new tenancy from year to year. It is not an uncommon thing for a lease to contain a provision giving the lessee the right to renew it either upon the same or other conditions, nor is it unusual for the lease to provide that the lessee may by exercising his option extend the lease for a definite period of time. But such renewals or extensions do not create a tenancy from year to year. The tenancy in such case is created by contract between the parties. This is not so in cases where the tenant holds over after the expiration of his original

term. It does not matter whether his original term was for a period of one year or for a number of years, his holding over does not renew or extend the original lease for a like period but in case such holding over is acquiesced in by the landlord, the tenancy becomes one from year to year. It will, therefore, be readily understood why the tenancy of one holding over is subject to the covenants and conditions contained in the original lease only so far as they may fit the new condition of things. The reason for not making all of the covenants of the original lease applicable to the new tenancy from year to year is that the new conditions may make many of the covenants of the original lease impossible or unnecessary of performance in another year. For example, if the tenant had covenanted that he would perform certain labor during the term of his original lease and his performance of it would make it impractical or impossible of repetition, can it be urged that this covenant should or could be enforced during the new period in which the tenant holds over? Again, if the tenancy in the first instance was for a term of 5 years, the holding over is not for a period of like duration but is from year to year.

Tenancies from year to year are the creation of judicial decisions, based upon principles of policy and justice. Such tenancies are indeterminate as to duration. A tenant from year to year has a lease for a year certain with a growing interest that his tenancy may continue from year to year thereafter until it is terminated by some affirmative act of the landlord, recognized or commanded by the law. In 24 Cyc. 1028, it is said in the text that although a tenancy from year to year has many of the qualities of a tenancy for a definite term of years, the tenancy is substantially a tenancy at will, except that such will cannot be determined without notice to quit.

Where the tenancy is for a fixed and definite period, such as a year or for a term of years, no notice or

demand to quit or surrender up possession at the expiration of the term is necessary under the law; and a covenant that the lessee will yield up the premises to the landlord at such time without notice adds nothing to the rights of the lessor and takes nothing from the rights of the lessee, because section 12 of the Landlord and Tenant Act of this State (Cahill's Ill. St. ch. 80, ¶ 12), provides that when the tenancy is for a certain period and the term expires by the provisions of the lease, the tenant is then bound to surrender possession and no notice to quit or demand for possession is necessary. Therefore, it will be seen that the covenant of the lease relied upon by the appellant in this cause simply states what has already been declared by the statute to be the law. With respect to the necessity of yielding up possession at the expiration of the term without notice, the duty of the tenant was the same irrespective of the terms of the written contract between the parties and was the same with or without said covenant. If, at the expiration of the term mentioned in the lease, i. e., August 1, 1918, the landlord had desired possession of his premises, he might have recovered it without the necessity of giving a .60-day notice. This could have been done because such date marked the termination of the tenancy under the contract between the parties; but when the appellee held over and the appellant accepted rent for such holding over, the law stepped in and by implication created a new tenancy, not for a fixed and definite term of one year but from year to year, the exact termination of which could only be fixed by a notice given pursuant to law. This situation is an example of the new condition of things which excepts the tenancy of appellee from the covenant requiring him to yield up possession without notice. Such covenant had reference only to the fixed and definite term prescribed by the original lease. It could have no reference to a new tenancy from year to year. And besides this, section

5 of the Landlord and Tenant Act (Cahill's Ill. St. ch. 80, ¶ 5) expressly provides, that in all cases of tenancy from year to year, 60 days' notice, in writing, shall be sufficient to terminate the tenancy at the end of the year. Such notice may be given at any time within 4 months preceding the last 60 days of the year.

In some jurisdictions it has been held that a tenant who occupies demised premises for several years after the termination of his lease creates each year a new term expiring at the close of the current year and requiring no notice for its termination, but such rule is not in force in Illinois, where it has been repeatedly held that if a tenant under a demise for a year or more holds over at the end of his term without any new agreement with the landlord, he will be treated as a tenant from year to year. (*Hunt v. Morton,* 18 Ill. 75; *Goldsborough v. Gable,* 140 Ill. 269.) And it seems to us that the Illinois rule is according to the great weight of authority on the subject. The Appellate Court of the First District in a well-considered case, *Hately v. Myers,* 96 Ill. App. 217 (following the language of *Goldsborough v. Gable, supra*), said that where the tenant remained in possession after the expiration of his term without any new contract in respect thereto, it was optional with appellant to treat him as a trespasser waiving the wrong of holding over or to treat him as a tenant; and by accepting the payment of rent thereafter the landlord made his election and the tenant became a tenant of the premises from year to year upon the same terms and subject to the same rent as provided in the original contract. And it was held by the court that where a tenant remains in possession after the expiration of a term of years, with the consent of the landlord, the law will imply a new tenancy from year to year, i. e., without a definite period for its termination, and if either party desires to terminate it, good

faith requires that reasonable notice should be given. And it was further held that under the statute in force in this State such notice must be a 60-day notice.

We therefore conclude that the covenant in the lease relied on by appellant has no application to the new tenancy from year to year under which appellee is now in possession of the premises; that appellee now being a tenant from year to year is entitled to 60 days' notice to quit; and inasmuch as no such notice was given to him, this suit cannot be maintained. Therefore, the judgment of the circuit court is affirmed.

*Affirmed.*