## Howard Millinery Company, Appellee, v. The Royal Cloak Company, Trading as Klein's, Appellant.

### Gen. No. 8,353.

Opinion filed September 4, 1931.

HUNTER, KAVANAGH & McLAUGHLIN, for appellant.

SHURTLEFF & NIEHAUS, for appellee.

MR. JUSTICE WOLFE delivered the opinion of the court.

The appellant was the owner of a number of department stores operating throughout the middle west, and had one store located at Davenport, Iowa. Its main offices were in Peoria, Illinois. On January 15, 1918, the appellant corporation entered into a written lease with the International Millinery Stores, and with D. M. Lazarus, as lessees, whereby certain floor space and certain services were granted to the lessees in the Davenport, Iowa, store. The lease was for a term beginning January 15, 1918 and ending January 15, 1920, at an agreed rental of 15 per cent on all cash sales made by the lessees, and 17½ per cent on all charge

sales of said leased department. At the expiration of the lease in 1920, the plaintiff continued as tenant of the defendant and paid the rent as agreed upon in the original lease. During the year 1919, the lessees assigned their interest to the Howard Millinery Company which took over the business formerly conducted by D. M. Lazarus as an individual, also by the International Millinery Stores. There was no assignment of the written lease, but they continued as lessees of the defendant and paid the rent as provided for in the original lease.

In the month of December, 1925, a meeting took place in the office of the defendant company at Peoria, Illinois, at which time Mr. D. M. Lazarus represented the Howard Millinery Company and Mr. Harry Klein and Mr. Harold Lund represented the Royal Cloak Company, the defendant. There is very little, if any, dispute as to what took place at that meeting. Mr. Klein said, "if the appellee wanted to maintain and operate the Davenport department, that the percentage of 15 per cent on the cash sales and 17½ per cent on the charge sales would have to amount to $3,000 a year if he wanted to maintain that department for the year 1926." Mr. Lazarus testified to that effect, and Mr. Lund on behalf of the Royal Cloak Company testified to the same thing. Mr. Lund testified that appellee could remain in the Davenport store "only on one condition, and that is, you guarantee our rental will not be less than $3,000 per year."

From a review of this evidence we think it is clearly established that in December, 1925, Mr. Lazarus agreed that if they remained in the store after the expiration of the year, which ended in January, 1926, that the rent should be $3,000 per year. The appellee remained in possession of the store and at the end of the year 1926, the percentage on sales did not amount to $3,000. The defendant sent a statement to the appellee stating that there was due from the appellee to

the appellant as rent under the lease the sum of $850. Thereupon the plaintiff remitted to the defendant that amount.

The percentages as provided in the lease for the year ending January 15, 1928, failed to equal $3,000, and the defendant deducted from his remittances to the plaintiff the sum of $1,222.50, which they claimed was the guaranteed deficit. Shortly after this occurrence the plaintiff moved out of this department store at Davenport, Iowa, and brought this suit in the circuit court of Peoria county, Illinois, for the recovery of the amount so deducted. The plaintiff recovered a judgment on a verdict for the full amount of the demand, and the case is brought to this court on appeal.

The plaintiff recovered upon the theory that it was a tenant holding over from year to year and that the agreement to guarantee that the percentage would equal $3,000 per year was without consideration; therefore, the defendant had no right to deduct the amount sued for from the amount which it should have remitted to the plaintiff. We do not think that the plaintiff was a tenant in the year 1926 holding over under the lease of 1918. It had been holding over as such tenant up until the end of the year 1925, but in December, 1925, there was a new lease entered into whereby it was agreed that the rent should be at least $3,000 for a period of time, which was yet to commence and which could not be construed, or be admitted, as a part of the year he was holding over. This new agreement related to the period starting January 15, 1926. In support of the plaintiff's claim they cite *Goldsborough v. Gable,* 140 Ill. 269. An examination of this case discloses that the facts are entirely different from this case. In the *Goldsborough* case it relates to rent which would be payable during the year the tenant was then holding over. In *Higgins v. Halligan,* 46 Ill. 173, it is held that where a tenant under a lease from year to year is notified by his landlord be-

fore the expiration of his term that if he occupies the premises another year, he must pay a certain increased rent, and the tenant holds over, such act will be construed as an implied agreement that he shall hold the premises upon the new terms imposed. In the case of *Weber v. Powers,* 213 Ill. 370, 385, the court says: "The rule that, where a tenant for a year or years holds over after the expiration of his lease, the landlord, at his election, may treat the tenant as a tenant for another year upon the same terms as in the original lease, is subject to the condition, that such holding over after the expiration of the lease is not under any new arrangement, made by the landlord with the tenant. The rule does not apply where there is a new contract between the landlord and tenant, under which the latter remains in possession." It will be observed in this case the new agreement for the future occupancy of the premises was entered into while the tenant was holding over in the year 1925.

The appellees also urge that the agreement of 1925 is not enforceable because of the statute of frauds. This objection might have had some force had it been made as to the rents of 1926, but it was not made as to such rent, but when the statement for the balance due was rendered, the plaintiff, without objection, remitted the amount demanded according to the new agreement. It is a well settled rule of law that the statute of frauds has no application to executed contracts. The full performance of that contract validated it and the hold over in 1927 could only be upon the terms which existed in 1926, and the plaintiff recognized the verbal agreement by paying the additional rent for that year. For the reasons above stated we think the plaintiff was not entitled to recover in this suit and the trial court erred in not directing a verdict in favor of the defendant. The judgment of the circuit court of Peoria county is hereby reversed.

*Reversed.*