## WALTER R. WINCHESTER *et al.*

*v.*

## RUEL G. ROUNDS.

1. PLEADING—*declaration in trover, to recover money lost at gaming.* In an action of trover, under the statute, brought by the loser against the winner, to recover money lost at gaming, it is not essential, in order to give the court jurisdiction of the subject matter of the suit, that the declaration should set forth the special matter, or so refer to the statute as to show the action was under its provisions. The statute authorizes the declaration to be in the usual common law form of a count in trover, and such a count will support a judgment in favor of the plaintiff.

2. But the declaration in such case should conclude, "whereby an action hath accrued to the plaintiff, according to the form of the statute" against gaming, and failing so to conclude, it is bad on special demurrer.

3. SAME—*waiver by pleading.* If the defendant, however, pleads to the declaration, he thereby waives the defect occasioned by the omission of such conclusion.

APPEAL from the Superior Court of Chicago; the Hon. JOSEPH E. GARY, Judge, presiding.

The opinion states the case.

Mr. E. R. HOOPER, for the appellants.

Mr. E. VAN BUREN, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of trover, to recover money won by gaming. It appears, that on the tenth day of May, 1869, appellee bet on the game of "faro," a game played with cards, kept and dealt by appellants, when appellee lost on the game

452          WINCHESTER *et al. v.* ROUNDS.          [Sept. T.,

Opinion of the Court.

$354.50, and paid that sum so lost to appellants, which, or any part thereof, had not been repaid to him ; that he demanded the money from them before the commencement of the suit. On this evidence, the jury found a verdict in favor of appellee. Appellants entered a motion for a new trial, on the ground that the verdict was against the law and evidence of the case, and because the evidence was not admissible under the declaration filed therein. But the court overruled the motion, and rendered judgment on the verdict, to reverse which the record is brought to this court by appeal, and errors assigned.

It is first objected, that under the pleadings and evidence, the court below acquired no jurisdiction of the subject matter of the suit. The declaration was in the usual common law form of a count in trover, while the evidence disclosed the fact, that the right to recover was based upon the second section of the chapter entitled "Gaming." R. S. 1845, 263. It is urged, that the declaration should have referred to the statute in such a manner as to show that the action was under its provisions. We are at a loss to understand how a failure to refer to the statute, operated to deprive the court of a jurisdiction conferred by the statute. It might be urged, that the evidence was not admissible because of a variance, if such an averment was indispensable, but surely not that the court did not have jurisdiction of the subject matter.

The next question which arises is, whether, under the statute, the declaration was defective, and if so, to such an extent as not to sustain the judgment? The statute referred to declares, that any person losing money as appellee shows he did, may " sue for and recover the money, goods, or other valuable thing, so lost and paid or delivered, or any part thereof, or the full value of the same, by action of debt, detinue, assumpsit or trover, from the respective winner or winners thereof, with costs, in any court of competent jurisdiction, in which action it shall be sufficient for the plaintiff to declare generally, as in actions of debt or assumpsit for money had and received by the

defendant to the plaintiff's use; or, as in actions of detinue or trover, upon a supposed finding, and the detaining or converting the property of the plaintiff to the use of the defendant, whereby an action hath accrued to the plaintiff, according to the form of this chapter, without setting forth the special matter."

We are referred to *Cole* v. *Smith*, 4 J. R. 193, as being in point. We have looked into that case, and find that it was a *qui tam* action, under a clause in their statute substantially the same as the clause in ours, giving such an action to an informer, if the person losing the money fails to sue within three months. A reference to the provisions contained in the two statutes will show that they do not dispense with the setting forth of the special matter, as does the previous clause in each; and it is upon the well understood rules of pleading, and as the statute had not prescribed a form of the declaration in such an action *qui tam*, it was held, that the declaration must set out the particular matters arising under the statute. The court, in that case, refers to the difference in the two clauses, and makes the distinction. Thus it is seen, that case does not apply to this. Our statute has authorized a declaration in trover to be filed, as at common law, by alleging the loss, finding and conversion. It has done so in plain, unambiguous terms, that can not be misunderstood. To hold that the special matter must be set forth in the declaration, would be a palpable violation, amounting to a repeal, of that portion of the section. To urge that it may take the defendant by surprise, does not imply that we may disregard the requirements of the law.

When a statute is plainly written, courts can only obey its requirements. The argument urged might be well directed to the law-making power, but not to the courts, whose duty consists in ascertaining the meaning of the law, and to enforce it as they find it written. There are numerous cases where the pleadings fail to disclose the evidence that may be offered under them. Such is the case under the common counts in

debt and assumpsit. In practice, it is rarely heard that a defendant is really surprised when the evidence is admitted. But even if surprise might ensue, the legislature alone can change the form of the declaration that must be used in an action like this. The other authorities referred to by appellants' counsel, are in cases where the statute had not dispensed with the common law rule of pleading, and if they were not, however much we may respect the courts by which those cases were decided, we are bound to obey the requirements of our statute.

The declaration in this case, however, fails to conclude, " whereby an action hath accrued to the plaintiff, according to the form of the statute " against gaming, as that section referred to seems to contemplate it should. Had this been an action of debt, or assumpsit, under that section, it might be that such a conclusion would be unnecessary. But in trover, it is required by the statute, and is bad on special demurrer. The party, however, chose to plead, and not to demur; and the question arises, whether it is waived by plea or cured by verdict; whether the declaration is so radically defective as not to sustain a verdict. Chitty, in his treatise on pleading, vol. 1, p. 374, says, " it is usual to allege, by means of the premises, and by force of the statute in such case made and provided, an action hath accrued to the plaintiff to demand and have the said sum, etc., but this appears unnecessary." The reason is, that this is a conclusion from the previous averments, and is not a substantive fact. If, then, such a conclusion contains no fact tending, in any manner, to fix the liability of the defendant, and is not traversable, except as a proposition of law, it can not be regarded as of the substance, and was waived by pleading instead of demurring. Like all other matters of form, it was waived by plea.

At most, having pleaded, appellants could only have objected to the introduction of the evidence, which they failed to do. The evidence showed a cause of action under the declaration, and it was received without objection, and having waived the

objection, they come too late after verdict to exclude the evidence. Had the evidence been inadmissible under such a declaration, and it could, after verdict, be introduced into a bill of exceptions, when not previously excepted to, then there might have been some force in the objection. The evidence was admissible under the count as a common law declaration, and sustains the verdict. No error is perceived requiring the reversal of the judgment of the court below, and it must be affirmed.

*Judgment affirmed.*