· JOHN LEY

v.

LORENZ REITZ.

*Chattel Mortgages—Fraud—Intent to Hinder and Delay Creditors—Insecurity Clause—Levy under Execution—Replevin—Instructions.*

1. In an action of replevin brought by the mortgagee to recover personal property held under execution against the mortgagor, it is *held:* That the evidence sustains the finding that the chattel mortgage was fraudulent and void as to creditors; that the court properly modified an instruction touching the insecurity clause of the mortgage; and that there was no error in the instructions that could have prejudiced the appellant.

2. A chattel mortgage given and accepted to hinder and delay the creditors of the mortgagor, is void as to such creditors, although it is also given to secure a *bona fide* indebtedness.

3. It *seems* that the seizure under execution of property covered by a chattel mortgage entitles the mortgagee to act under the insecurity clause of the mortgage.

[Opinion filed January 7, 1888.]

APPEAL from the Circuit Court of Will County; the Hon. CHARLES BLANCHARD, Judge, presiding.

Messrs. HALEY & O'DONNELL, for appellant.

Mr. JOHN B. FITHIAN, for appellee.

BAKER, J. William Deering brought suit in assumpsit against Lawrence P. Ley to the May term, 1885, of the Will Circuit Court, and at that term said Ley filed his pleas to the declaration. On the 8th day of February, 1886, said Ley executed his promissory note for $1,200, due two years after date, to John Ley, his father, who is appellant in the pending litigation, and secured the note by a chattel mortgage on a number of horses, mules, cows and cattle, and a considerable quantity of agricultural machinery and farming implements. A trial was had in the Deering suit on the 15th day of Febru-

ary, 1886, and a verdict returned by the jury in favor of
Deering for $250, and judgment was rendered upon the ver-
dict on the 27th of that month. The execution issued upon
the judgment was dated June 12, 1886, and on the 29th day
of July following, it was levied by appellee, Lorenz Reitz,
who was Sheriff of the county, upon a portion of the personal
property covered by the chattel mortgage. The property
levied on was, on the 31st day of said July, replevied by appel-
lant from appellee, and at the January term, 1887, of the Will
Circuit Court, there was a jury trial of the replevin suit, and
the verdict found the issues for appellee and that the right of
the property in the articles levied upon was in Lawrence P.
Ley. The record now before us on this appeal is the record
in such replevin suit.

We have carefully read and examined the evidence in the
case, as preserved in the bill of exceptions, and we think the
jury were authorized to find therefrom that the chattel mort-
gage was fraudulent and void as to creditors, and made and
entered into by both parties to it with intent to delay and
hinder Deering in the collection of his debt. The circum-
stances surrounding the transaction, the contradictory and
unsatisfactory statements made by appellant in regard to the
property and the whole proceeding, and the subsequent con-
duct of the parties with reference to the mortgaged property,
seem to indicate that the note and chattel mortgage were made
for the express purpose of covering up the property and
thereby defrauding Deering. We also think there is much in
the testimony tending to impeach the consideration of the
note and mortgage.

It is urged as error, that the court modified the first and
fourth instruction for appellant and gave the third instruction
for appellee.

The substance of the first instruction, as asked by appellant,
was, that the chattel mortgage was duly executed and acknowl-
edged and by its terms authorized the plaintiff to take posses-
sion of the property named therein before the note was due,
if he felt himself unsafe or insecure. The court changed the
instruction before reading it to the jury, by annexing the

Ley v. Reitz.

additional requirement that plaintiff had "reasonable or probable cause" for so feeling.  The case of Gaar v. Hurd, 92 Ill. 315, does not show this action of the court was erroneous.  In the case cited, it was merely held that the question whether the mortgagee of chattels had taken possession of the property before he had a right to do so under the terms of his mortgage, was one which, under the circumstances of that case, concerned the mortgagor alone, and that such question could not be raised by third persons who had no interest in the property at the time the possession was taken.  In that case, it clearly appeared that at the time the mortgagee took possession of the property, Gaar, Scott & Company had no interest therein; while here appellee, as Sheriff, had levied the Deering execution upon the mortgaged chattels as the property of Lawrence P. Ley some two days before appellant took any steps to avail himself of the insecurity clause in his mortgage, and he thereby acquired an interest and property right in such chattels.  If the validity of the note and mortgage were fully admitted, yet under the provisions of the latter Lawrence P. Ley and those succeeding to his interest would have an undoubted right, without there was a valid enforcement of the insecurity clause, to the use and benefit of the chattels levied on for a period of more than eighteen months.  It can hardly be assumed that the possession and use for a full year and a half of eleven milch cows, six other head of cattle, four horses, two mules, one double wagon, one top buggy, one cutter, one pair of bob sleds, one corn planter, two drags, two plows, two cultivators, one mower, one self-binder and one half interest in a threshing machine and outfit, would have been of no pecuniary value and would not have been such a property right as could have been sold on the execution.  This property interest the Sheriff held by virtue of his levy and possession, and he had an undoubted right to protect it against any act of the mortgagee not authorized by the chattel mortgage.  The mortgagee, as against either the mortgagor, or one who had succeeded to his interest prior to possession taken under the insecurity clause, only had the right to take possession under such clause in the event he felt himself in-

secure, and had reasonable and probable ground for so feeling. Roy v. Goings, 96 Ill. 361. These considerations must have influenced the court to add the qualification it did to the instruction, and there was no error in so doing.

But, even should we assume there was no sufficient reason to justify the modification, still we are unable to see the action of the court could or did work an injury to appellant. The latter held a mortgage on chattels, containing an insecurity clause, and these chattels had been seized and taken into possession by the Sheriff on an execution against the mortgagor, and the Sheriff was about to offer them for sale at public vendue, and they would necessarily be liable to be scattered and removed beyond the reach and control of the mortgagee; and it is wholly improbable, if not impossible, that the jury could have found otherwise than that appellant both felt himself insecure and had reasonable and probable cause for so feeling. We think it evident that the modification of the instruction had no influence whatever in bringing about the verdict of the jury that the right of the property was in Lawrence P. Ley.

The substance of the third instruction for appellee was, that even if the note and mortgage were given for a *bona fide* debt, yet if the jury believed from the evidence that Lawrence P. Ley intended by said mortgage to hinder or delay said Deering in the collection of his claim against him, and that the plaintiff took the mortgage not only to secure his debt but also to hinder and delay the creditors of Lawrence P. Ley, then they should find for the defendant; but that it mattered not what motive Lawrence P. Ley had in giving the mortgage if the plaintiff acted in good faith in taking the mortgage.

The substance of the fourth instruction for appellant, as asked, was that if the mortgagor was indebted to both plaintiff and Deering, then plaintiff had a right to secure himself by taking a mortgage, even though he knew the mortgagor was indebted to Deering. This last instruction the court modified by adding the words, "if it was not his intention thereby to hinder and delay Deering in the collection of his debt but to protect himself." The gist of both the third instruction

and of the modification to the fourth, is the affirmative intent to hinder and delay, and there was no error in either giving the one or qualifying the other. There is no question but that the evidence tended to prove the mortgage was made as well to place the property beyond the reach of the creditor Deering, as to secure a debt due the plaintiff, and that the plaintiff had notice of and participated in the intent to delay and hinder Deering in the collection of his claim. The instrument was not purged of fraud because such intent was not the sole purpose the parties had in view in making and taking the mortgage. Merry v. Bostwick, 13 Ill. 398–410; Boies v. Henney, 32 Ill. 130; Reed v. Noxon, 48 Ill. 323; Strohm v. Hayes, 70 Ill. 41; Hansen v. Dennison, 7 Ill. App. 73.

We find no error in the record. The judgment is affirmed.

*Judgment affirmed.*