## L. N. Ashley v. Henry Heinrichs.

1. VERDICT— *Where Evidence is Sufficient to Sustain it, it Will Not Be Reversed.* —Where the evidence is sufficient on the part of the plaintiff to sustain the verdict and the judgment, it will not be reversed because of evidence tending to prove the defendant's claim. In such cases it is the province of the jury to determine where the truth lies.

**Trespass on the Case.**—Damages caused by damming up an open drain. Appeal from the Circuit Court of Ford County; the Hon. JOHN H. MOFFETT, Judge presiding. Heard in this court at the May term, 1902. Affirmed. Opinion filed November 1, 1902.

Cloud & Moffett, attorneys for appellant.

Schneider & Schneider and Kerr & Lindley, attorneys for appellee.

Mr. Justice Burroughs delivered the opinion of the court.

The appellee, Henry Heinrichs, sued the appellant, L. N. Ashley, in the Circuit Court of Ford County, to recover damages to his crops alleged to have been occasioned by the wrongful damming up of an open drain which had been constructed and maintained through the lands of each, under an agreement made prior to July 1, 1889, which agreement had not been revoked before that time.

The case was tried by jury and resulted in a verdict and judgment in favor of the appellee for $630.04.

The appellant having moved for a new trial, which was denied, excepted, and he brings the case to this court by appeal, and to effect a reversal of the judgment argues that the court ruled erroneously on the evidence and upon the instructions to the jury, and that the verdict and judgment are against the evidence.

The evidence on the part of the appellee is amply sufficient to sustain the verdict and the judgment, and while that on the part of the appellant tends to establish a revocation by him prior to July 1, 1889, of the agreement to continue the drain, yet it was the province of the jury to determine where the truth was, and the record does not warrant us in concluding that the jury have made a mistake in the conclusion they arrived at.

A careful examination of the rulings of the trial court upon the evidence and instructions convinces us that no prejudicial error was committed against the appellant in any of them, but on the contrary such rulings were fair and just to both parties, and it seems to us that on the whole record the conclusions which the trial court reaches in this case, does justice to both parties, and therefore the judgment rendered ought to be and will be affirmed.