## Ralph C. Kent, Appellant, v. Edward J. Thelin, Appellee.

## Gen. No. 21,190.

1. Bills and notes, § 372*—*what does not constitute variance.* Where a special count in a declaration declared on a promissory note, alleging plaintiff to be a holder for value before maturity and where the evidence showed that plaintiff took the note after maturity from an indorser who held it before maturity, *held* no variance, for the reason that a remote indorsee of a promissory note may declare on the note as the immediate indorsee of the first or any intermediate indorser, in which case plaintiff's title relates back to the title of such indorser.

2. Pleading, § 451*—*necessity that defense of variance be raised in trial court.* The defense of variance is not available for the first time on review, for the reason that if such defense is not made in the trial court it is cured by verdict.

3. Pleading, § 451*—*necessity that objection on grounds of variance be specific.* A general objection of variance is not sufficient, and in order to make the defense available the objection must be sufficiently specific so that, if well taken, the pleading may be amended so as to conform to the proof, for the reason that such objection is one of procedure and does not go to the merits.

4. Bills and notes, § 370*—*admissibility of note under common counts.* A promissory note is competent evidence under a declaration declaring upon it under the common counts.

4. Bills and notes, § 420*—*when evidence of transactions between maker and payee inadmissible.* Evidence of transactions between the maker and payee of a promissory note which relates

to the inception of the note is incompetent as evidence in defense where the action is brought by an innocent holder for value before maturity.

5. BILLS AND NOTES, § 369*—*when failure of consideration may not be shown under general issue.* In an action to recover on a promissory note where one count declared on the note under the common counts and where defendant interposed a plea of the general issue generally to the whole declaration, the admission of evidence tending to prove want of consideration *held* erroneous, for the reason that such pleas did not raise the defense relied on.

Appeal from the Circuit Court of Cook county; the Hon. JOHN McNUTT, Judge, presiding. Heard in this court at the March term, 1915. Reversed and remanded. Opinion filed December 6, 1915.

HOYNE, O'CONNOR & IRWIN, for appellant; CARL J. APPELL, of counsel.

ROBERT F. PETTIBONE, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This cause was tried before the court with a jury and resulted in a verdict and judgment for defendant, and plaintiff appeals.

The action is on a promissory note for $1,250, made by defendant, payable four months after its date, to the order of Charles Lyle Barnes. Barnes indorsed it to Agnes Gahan Barnes, who indorsed it to the Kenwood Trust & Savings Bank, before its maturity, who indorsed it to plaintiff. The bank was a purchaser for value before maturity, and through plaintiff, as notary public, protested the note for nonpayment. The declaration consisted of three counts, specially declaring on the note, and the common counts, to which defendant pleaded the general issue, supported by an affidavit of merits reciting want of consideration as the defense.

It is now urged in support of the judgment that there is a variance between the allegations of the special counts and the proof, the averment being that plaintiff

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

was the holder of the note for value before maturity, and the proof showing that plaintiff is a holder of the note after maturity.

We cannot agree with defendant's contention that there is such variance. The title of plaintiff related back to that of the bank, and it is not disputed but that the bank was a holder for value before maturity. It is also the law that a remote indorsee may declare on the note in his pleading, as the immediate indorsee of the first or any intermediate indorser. Measured by this rule, the averment that plaintiff was holder before maturity was not inaccurate in point of law. Puterbaugh's Pleading and Practice, 104, and cases cited in footnote.

Moreover, the objection of variance cannot be availed of in a court of review if there made for the first time. It must be made specifically in the trial court, otherwise it is cured by verdict. A general objection of variance would not fulfil the legal requirement. It must be so specific that, if well taken, the pleading may be amended to conform to the proof, as such objection is one of procedure and does not affect the merits. *Richelieu Hotel Co. v. International Military Encampment Co.*, 140 Ill. 248.

In *Lake Shore & M. S. Ry. Co. v. Ward*, 135 Ill. 511, the court illustrated the rule as to variance by the following language: "It was incumbent upon the defendant to indicate and point out in what the variance consisted, so as to enable the court to pass upon the question intelligently, and also to enable the plaintiff to so amend her pleading as to make it conform to the evidence, and thus avoid defeat upon a point in no way involving the merits of her claim." Again, the note was admissible in evidence under the common counts, and the plea of general issue to the whole declaration did not raise the defense injected by the evidence given on the part of the defendant against the objection of plaintiff. It was error to overrule the objections inter-

posed.   Evidence as to defendant's dealings with Barnes, arising out of transactions in which the note was given, was not admissible as a defense to such note in the hands of an innocent holder for value before maturity.

The judgment of the Circuit Court is reversed, and as the cause was tried with a jury it is remanded for a new trial.

*Reversed and remanded.*