## Robert I. Thornton, Appellant, v. H. L. Hendrickson, Appellee.

### Gen. No. 6,445.

1. TRIAL, § 148*—*necessity of specific objection to improper remarks by counsel in opening statement.* Improper remarks by counsel in his opening statement should be specifically objected to at the time they are made so that the trial court may first have an opportunity to remove the evil effects, if any, which might result from the remarks excepted to.

2. TRIAL, § 148*—*when specific objection to opening statement of counsel properly overruled.* A specific objection to the opening statement of counsel on the ground that there is nothing in the pleadings to base the statements of counsel on, and that the remarks made did not relate to an issue in the case, is properly overruled where the matters referred to might become competent evidence.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

3. FRAUD, § 93*—*what is rule as to admissibility of evidence of.* The trial courts should be liberal in the receipt of evidence of questions of fraud, and concerning all matters which tend to disclose the true nature of the transaction.

4. CHATTEL MORTGAGES, § 193*—*when good faith in execution is in issue, warranting admission of evidence of bad faith.* In an action of replevin by a chattel mortgagee against a sheriff to recover possession of personal property levied upon by defendant under executions issued on judgments against the mortgagor, the good faith in the execution of the mortgage was put in issue so as to render admissible any evidence tending to show that it was not executed in good faith or fraudulently executed, where, although there was no direct allegation of fraud by defendant, there was an issue joined upon plaintiff's replication, in which he based his right to the property upon his chattel mortgage, which he alleged was executed by the mortgagor in good faith and for the expressed consideration.

5. APPEAL AND ERROR, § 1679*—*when objection as to variance waived.* An objection to the admission of evidence on the ground of variance is deemed waived, unless it is made specifically on that ground, and pointed out to the trial court, so that an opportunity may be given to amend the pleadings and obviate the objection.

6. APPEAL AND ERROR, § 521*—*when question of variance may not be raised.* The question of variance between pleading and proof cannot be raised for the first time on appeal.

7. CHATTEL MORTGAGES—*when intention of chattel mortgagor to hinder and delay creditors is question for jury.* In an action of replevin by a chattel mortgagee to recover mortgaged personalty seized on execution by other creditors of the mortgagor, evidence *held* to present a jury question as to whether the circumstances attending the execution of the mortgage, the handling and manipulation of the property after the execution of the mortgage and the diversion of a part of the mortgagor's effects from the reach of his creditor, indicated an intention to hinder and delay the creditors of the mortgagor by the execution of the mortgage.

8. FRAUDULENT CONVEYANCES, § 17*—*when chattel mortgage void.* Even though a chattel mortgage may have been given to secure a bona fide debt to the mortgagee, yet, if it was also made for the purpose of protecting the mortgagor against the just demand of his creditors, it was fraudulent and void.

Appeal from the Circuit Court of Grundy county; the Hon. SAMUEL C. STOUGH, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed October 17, 1918.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

J. W. Rausch, for appellant.

Frank H. Hayes, for appellee.

Mr. Justice Niehaus delivered the opinion of the court.

This is an action of replevin brought by Robert I. Thornton, appellant, in the Circuit Court of Grundy county, against H. L. Hendrickson as sheriff, to recover the possession of certain personal property levied upon by the sheriff under executions issued on certain judgments against the judgment debtor, Guy Marsh. The property consisted of seven horses, one automobile, two cows, two cribs of corn and farming tools and implements. The appellant based his right to recover the property on a certain chattel mortgage for $5,000 which Guy Marsh had executed and delivered to him on the 7th day of September, 1915. The statutory requirements relative to the execution, acknowledgment and recording of the mortgage appear to have been complied with, and, on the face of it, the mortgage was a lien on the property described. The mortgage is attacked in this proceeding however as fraudulent; and it is claimed by the appellee that it was made to hinder and delay the creditors of Guy Marsh from satisfying their just claims out of the property mortgaged; and this was the real issue which was tried in the court below. The trial resulted in a verdict and finding in favor of the appellee, upon which judgment was rendered, awarding a writ of *retorno habendo*, and assessing costs against the appellant. An appeal is prosecuted from this judgment.

Several errors are assigned and relied on for a reversal of the judgment. Complaint is made that the counsel for appellee, in his opening address, exceeded the bounds of a proper opening statement, and there is some basis for the complaint made. The opening statement of the counsel for the appellee appears to

have been more of an argument than a statement of the facts, which he expected to prove; but no objection was made to the remarks of the counsel on that ground. If appellant had desired to take advantage of the improper remarks of the opposing counsel in this regard, it was necessary that he make a specific objection thereto at the time they were made. A mere objection is not sufficient; and it is not to be considered unless it specifies the nature of the objection, so that the trial court may first have an opportunity to remove the evil effects, if any, which might result from the remarks objected to. *Illinois Cent. R. Co. v. Cole,* 165 Ill. 334; *Chicago City Ry. Co. v. Gemmill,* 209 Ill. 642. Only one objection which counsel for appellant made to the opening remarks specified the ground of his objection; and the ground specified was that there was nothing in the pleadings to base the statement of counsel on; that the matter talked about was not an issue in the case, and could not be made an issue. The court properly overruled this objection because, while the matters referred to in the remarks of counsel were not referred to in the pleadings, and were not directly in issue in the case, they might nevertheless become competent evidence, and admissible as circumstances to be considered by the jury on the question of extent of the indebtedness of Guy Marsh at the time of the execution of the mortgage, and in connection with the question of the solvency which was raised in the case. Where there is an issue of fraud involved, concerning a conveyance of property, a wide range of inquiry is permitted, and it is usually competent to show the financial condition of both the mortgagor and the mortgagee. A broad inquiry is allowed as to facts and circumstances, which might tend to show the true intent with which an instrument was executed. The trial courts should be liberal in the receipt of evidence in the investigation of questions of fraud, and concerning all matters which tend to disclose the true nature

of the transaction. Sometimes very slight circumstances, apparently trivial in themselves, when joined with other facts may afford strong proof of fraud. Bigelow on Fraud, p. 476; *Vigus v. O'Bannon,* 118 Ill. 334.

Appellant also contends that, under the pleadings, the mortgage could not be attacked as fraudulent because there was no direct allegation of fraud. There was issue joined upon appellant's replication, however, in which appellant bases his right to the property in question, upon his chattel mortgage which he alleges was executed by Guy Marsh in his favor in good faith and for the consideration in the mortgage expressed. The good faith in the execution of the mortgage was therefore directly put in issue, and any evidence which showed, or tended to show, that it was not executed in good faith or fraudulently executed, was competent in that state of the pleadings. It was not necessary that the appellee should have disclosed in the pleadings the special matters which constitute the evidential grounds for his attack on the mortgage. *Strohm v. Hayes,* 70 Ill. 41. But even if the evidence were not proper or competent because it constituted a variance in the proofs with the allegations in the pleadings, the objection should have been made to the evidence specifically on that ground at the time it was offered. An objection to the admission of evidence on the ground of variance is regarded as waived, unless it is made specifically on that ground, and pointed out to the trial court, so that an opportunity may be given to amend the pleadings and obviate the objection. *Traders Mut. Life Ins. Co. v. Johnson,* 200 Ill. 359; *Pettis v. Westlake,* 4 Ill. (3 Scam.) 535; *Winchester v. Rounds,* 55 Ill. 451. The point, that the proofs were at variance with the allegations in the pleadings, not having been made in the court below, cannot properly be made for the first time here.

Concerning the validity of the chattel mortgage in

question, the record discloses the following facts which have a bearing on this question: The mortgagor, Guy Marsh, in the spring of 1914, took over a farm as tenant, which had been previously farmed by his father, George Marsh, who had become bankrupt; and continued to farm it until the fall of 1915. He became heavily indebted to various persons, including his grandfather, George H. Cragg, and after his grandfather's death owed the Cragg estate a considerable amount of money. He was also indebted largely to other parties. Martin Hulsey, Henry Stocker and Jesse A. Likens, as administrator of the Cragg estate, obtained judgments against him which aggregated $1,067.47, and upon these judgments the executions issued which were levied by the appellee upon the property in question. And the evidence tends clearly to show that Guy Marsh, at the time of the execution of the mortgage to the appellant, was practically insolvent.

Concerning the circumstances which led to the execution of the mortgage, appellant testified that he became connected with the transaction because Guy Marsh had come to him at Ottawa a day or two before and told him his predicament with reference to the debts which were pressing him; that he wanted to know if appellant could help him; and that thereupon appellant went to Morris to have the mortgage executed, and to make arrangements to see Marsh through his troubles. Appellant admitted that while the consideration stated in the mortgage was $5,000, Guy Marsh, as a matter of fact, was indebted to him only in about the sum of $400, and gave as a reason for making the mortgage so largely in excess of the actual amount due, that he expected to advance money to Marsh which he might need to carry on his farming operations, to pay rent and taxes, also to pay other debts of Marsh, and that he left the whole matter in the hands of his attorney, J. W. Rausch, who was also

Marsh's attorney. The matter was arranged by Rausch in this way: At the execution of the mortgage to appellee a note was made to H. B. Smith, upon which $4,325 was realized and turned over to Rausch and Rausch signed the note as security. Rausch paid out the money for various debts and obligations of Guy Marsh; and also paid a debt of Guy Marsh's mother amounting to $1,200. After the execution of the mortgage, the property mortgaged remained in the possession of Guy Marsh, and he handled and controlled it apparently in the same way as before the execution of the mortgage, even to the extent of selling some of it as if there were no mortgage against it, merely going through the form of getting the consent of his own attorney, Rausch, for the purpose of sale. Finally about the time of the levy he advertised the property for sale in his own name. It was after the replevin of the property that it was advertised and sold under the mortgage; but even after the replevin proceedings were instituted, the property was returned to the possession of Guy Marsh, and a part of it, an automobile, never was sold but continued in Marsh's use and control, and he had it at the time of the trial. It is apparent that the payment of the mother's indebtedness, which exceeded the total amount of the judgments here involved, out of the mortgagor's assets in his condition of insolvency necessarily had the effect of diverting at least $1,200, available for the purpose of satisfying his own creditors, to other purposes in conflict with their rights in the premises.

Whether the circumstances attending the execution of the mortgage, and the handling and manipulation of the property mortgaged by Guy Marsh after the execution of the mortgage, and the diversion of a part of the mortgagor's effects from the reach of his creditors, indicated an intention to hinder and delay the creditors of Guy Marsh from enforcing satisfaction of

just claims against his property by the execution of the mortgage, was a question for the jury, and we think the jury were warranted in reaching the conclusion which they did on this question. Even though the mortgage may have been made to secure the bona fide debt to the appellant, yet if it was also made for the purpose of protecting Marsh against the just demands of his creditors, it was fraudulent and void. *Beidler v. Crane,* 135 Ill. 92; *Lobstein v. Lehn,* 120 Ill. 555; *Mowry v. Kingman & Co.,* 81 Ill. App. 468; *Salzenstein v. Hettrick,* 105 Ill. App. 102; *Weber v. Mick,* 131 Ill. 520; *Ley v. Reitz,* 25 Ill. App. 615.

We find no substantial error in the admission or rejection of evidence at the trial, nor in the given instructions. Only general objections are made to the instructions, and it is not our duty to scrutinize them with a view to finding errors not specifically pointed out by appellant. No reversible error is disclosed by the record, and the judgment is therefore affirmed.

*Affirmed.*