Bryan H. Tivnen, Appellee, v. J. O. Gebhart, Appellant.

Gen. No. 8,649.

260

April term, 1932. Heard in this court at the Opinion filed November 9, 1932.

CHESTER E. KING, for appellant.

JOHN R. FITZGERALD, THOMAS R. FIGENBAUM and CARUS S. ICENOGLE, for appellee.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

In this case the appellee, Bryan H. Tivnen, sued J. O. Gebhart, the appellant, in the circuit court of Macon county to recover $1,035, the balance claimed to be due from the appellant for rent of a storeroom situated in the City of Mattoon. The pleading in the case consists of a declaration of one count, setting forth the basis of the appellee's right to recover under an alleged leasing of the premises; and an additional count filed by leave of court. The appellant in defense

pleaded the general issue; also a special plea, averring that the contract of leasing in question was in contravention of the statute of frauds and therefore not enforceable against the appellant. A jury trial was had on the issues involved; but upon the conclusion of the evidence adduced on the trial, the parties to the cause entered into a stipulation by which the case was taken from the jury and submitted for determination to the court. The stipulation is as follows:

"It is hereby stipulated by and between the parties hereto by their respective counsel, that the jury be dismissed; and that the case be determined by the Court on the evidence submitted and the Court will render a verdict; and either side will have a right to submit propositions of law as of this date to be held by the Court."

The jury was thereupon dismissed; and the court thereafter, upon consideration of the evidence, made a finding that the appellee was entitled to the sum of $1,035 and rendered judgment therefor. This appeal is prosecuted from the judgment.

There is no controversy about the facts. The appellee as owner leased the premises in question and the appellant became his tenant at first under a written lease executed by the parties for the term of one year, from June 1, 1928, to June 1, 1929, at a rental of $1,260, payable by monthly payments of $105 in advance on the first day of each and every month. The appellant took possession and occupied the premises in question under the lease mentioned for the term stipulated in the lease; and after the expiration of the year was in possession of the premises on July 1, 1929, when the appellee proposed to the appellant a new contract for leasing the premises for the ensuing year; that is to say, on July 1, 1929, the appellee in a letter made the following proposal for a new leasing of the premises for the year following:

"Commencing with the first day of July, 1929, we desire to increase the rent from $105.00 to $115.00 per month. We are losing money on the room at the present rate, as you know; and we will appreciate your kindness very much. We will be willing for you to have the building for the next year at $115.00 per month, commencing with July 1, 1929."

This proposal was accepted by the appellant and the next day (July 2) appellant paid the first month's rent due thereunder; namely, $115; and thereafter during the year commencing the 1st day of July, paid the rent due the remaining months of the year; and thereafter held over as tenant and continued in the occupation and possession of the premises as tenant, paying the monthly rent due by the terms of the last year's leasing, until October 1, 1930. Under date of July 11, 1930, however, he sent the following communication to the appellee:

"We have decided to move our store, and will turn the room back to you the first of Aug. Rents are too high."

To which the appellee replied as follows:

"We have your postal card, dated July 11, saying you have decided to move your store and will turn the room back to us on the first of August, that rents are too high. Of course, this card was a very great surprise to us. You were required to give us a notice of sixty days, as provided by statute, just as we would have to give you sixty days' notice if we desired the room. The statute requires such a notice from each of us. Therefore, your next month's rent will be due just as usual on the first of the month of August. We will be glad to make some reasonable arrangements with you if you will protect us against loss and damage. Kindly, therefore, come and see us and we will try to work it out. We will look forward to your immediate reply."

The appellant made no reply but continued in the possession of the premises and the payment of the rent to October 1, 1930, as stated; and thereafter vacated the premises and refused to pay rent for the remaining nine months of the year.

The appellant on appeal raises two questions of law for reversal of the judgment, namely, a question of variance which arose on the trial, when the appellee offered in evidence the first lease between the parties; and secondly, the contention that the contract for the new leasing was invalid because it contravened the provisions of the statute of frauds; that it was an oral contract and the statute required it to be in writing.

The question of variance arose during the trial when counsel for the appellee offered the first lease made by the parties, in evidence; whereupon the following objection was made to its introduction in evidence:

"The defendant by counsel objects to the admission in evidence of said exhibit, for the reason that there is a variance from the declaration filed by the plaintiff; and for the reason also that it does not tend to prove the issues in this case; and is wholly incompetent, improper and immaterial."

The court overruled the objections and admitted the lease in evidence.

The objection made on account of variance was a general objection and did not specify wherein the lease materially varied from the lease set out in the declaration; and the question of variance was therefore not properly raised in the trial court.

"An objection to the admission of evidence on the ground of variance is regarded as waived, unless it is made specifically on that ground, and pointed out to the trial court, so that an opportunity may be given to amend the pleading and obviate the objection."

*Thornton v. Hendrickson,* 213 Ill. App. 121, and authorities there cited.

Unless the proper objection is made on account of an alleged variance it is waived or cured by verdict. *Kent v. Thelin,* 195 Ill. App. 440; *Pihl v. Springfield Consolidated Ry. Co.,* 219 Ill. App. 588.

It is also pointed out, concerning the question of variance, that it was again waived by the stipulation entered into by the parties to the litigation at the conclusion of the trial by taking the case from the jury and stipulating that the case should be determined by the court on the evidence which had been submitted.

Concerning the question involving the statute of frauds, it may be said that it is clear from the evidence, and not disputed, that the appellee made a proposal to the appellant on July 1, 1929, that he was willing that the appellant should occupy the premises then occupied by him for the year commencing July 1, 1929, at an increased rental of $115 per month, which proposal was accepted by the appellant the next day, by paying the increased rental of $115 for the month of July, by check dated July 2, 1929. It is clear from the evidence that the appellant continued to make his payments of $115 rent monthly thereafter for the balance of the year, and that the contract for the new leasing was performed within the year. It also appears from the evidence, and is not disputed, that after the expiration of the year in question the appellant continued to occupy the premises as tenant and paid the same rental of $115 per month until October 1, 1930; and that thereafter refused to pay any rent for the premises.

Concerning the question involving the statute of frauds, it is pointed out that it is clear from the evidence that the new contract of leasing referred to, which was consummated by the appellant's acceptance by payment of the rent due thereunder on July 2, 1929,

was to be performed within the year commencing July 1, 1929, which had already commenced when he accepted the appellee's proposal; and that therefore it was not in contravention of the provisions of the statute of frauds, Cahill's St. ch. 59, ¶ 1; sec. 1, ch. 59, Smith-Hurd Revised Statutes.

Furthermore, the evidence shows that the lease contract referred to was fully performed by both parties. "The Statute of Frauds cannot be invoked to avoid a contract which has been carried into execution." *Cleveland, C., C. & St. L. Ry. Co. v. Wood,* 189 Ill. 352; *Pearce v. Pearce,* 184 Ill. 289.

By holding over and occupying the premises as tenant without any new agreement, he became a tenant for another year and the law implied an agreement to hold upon the terms of the prior lease. *Pangborn v. Blakely,* 217 Ill. App. 68; *Goldsborough v. Gable,* 140 Ill. 269; *Weber v. Powers,* 213 Ill. 370; *Barbee v. Evans,* 220 Ill. App. 154; *Goldsborough v. Gable,* 152 Ill. 594; *Board of Directors, Chicago Theological Seminary v. Chicago Veneer Co.,* 94 Ill. App. 492; *Kelly v. Armstrong,* 139 Ill. App. 467.

The appellant, by holding over therefore, became liable for the amount of monthly rental for the remaining nine months of the hold-over year.

The finding and judgment of the court is in accordance with the law and the evidence; and the judgment is therefore affirmed.

*Judgment affirmed.*