David Turner, Trading as Four Star Clothing, Appellant, v. Joe Katz, Appellee.

Gen. No. 46,154.

Opinion filed January 20, 1954. Released for publication February 25, 1954.

JACOB STAGMAN, of Chicago, for appellant; ERWIN H. GREENBERG, of Chicago, of counsel.

DAVID F. SILVERZWEIG, of Chicago, for appellee.

MR. JUSTICE KILEY delivered the opinion of the court.

This is an action to recover a $500 "deposit" under an alleged oral agreement for a written lease. The issues were tried before the court, without a jury, and resulted in a finding and judgment for defendant. Plaintiff's motion to set aside the judgment or in the alternative for a new trial were denied and he has appealed.

On March 15, 1950 defendant owned the premises at 939 W. Roosevelt Road, Chicago and agreed to lease the premises to plaintiff. On that date plaintiff gave defendant a check for $500 and defendant gave plaintiff the keys to the premises. Subsequently plaintiff rejected a proferred written lease. He demanded return of the $500. Demand was refused and this suit followed.

The issues made by the pleadings were (a) whether the lease was to commence November 15, 1950 as plaintiff alleges, or December 1, 1950 as defendant alleges; (b) whether the lease was to be for 5 years or from November 15, 1950 to April 30, 1954; (c) whether the lease was to provide for plaintiff or defendant to maintain the heating system and furnish heat; (d) whether plaintiff was to have an option to renew; (e) whether the $500 was a deposit or payment for rent for the period from November 15, 1950 to December 31, 1950 of "the said term"; (f) whether defendant tendered a lease upon the agreed terms.

There was no evidence to support plaintiff's allegations that the term was to commence December 1, 1950 or that the proposed original lease was to be for five years from that date. The defendant's evidence is that the lease was to commence November 15, 1950 and was to expire April 30, 1954.

The plaintiff contends here that because the oral agreement was not itself valid as a lease under the

247

statute of frauds, chap. 59, par. 2, Ill. Rev. Stat. (1953) [Jones Ill. Stats. Ann. 55.02], and since no written lease was made, he was entitled to the return of the $500 "deposit."

The record does not show that plaintiff raised the question of the violation of the statute of frauds in any way at the trial for a ruling by the trial court. Under Rule 44 of the municipal court, plaintiff was entitled to present the question of law by motion to strike the defense on the ground that the lease was unenforceable under the statute of frauds. Since the point was not raised, and no ruling on the question was made at the trial, the question is not properly before us for review. In any event the trial court was justified, as we shall indicate hereafter, in finding that there was an oral agreement for a written lease and that under the oral agreement, in consideration of plaintiff paying defendant $500, defendant turned over the keys, thereby delivering possession of the premises to plaintiff. Under this latter aspect of the oral agreement the plaintiff paid rent for, and was given possession of the premises for the period of, from November 15, 1950 to January 1, 1951. This part of the oral agreement was executed and the statute would have no application. *Tivnen v. Gebhart,* 268 Ill. App. 259. Moreover plaintiff's contention suggests the use of the statute as a "sword instead of a shield" inasmuch as he is not defending a suit to enforce a contract within the statute, but is affirmatively attempting to nullify an agreement alleged to be within the statute. *Ryan v. Shoenberger,* 224 Ill. App. 308.

We have decided that there was an oral agreement for six weeks to be merged into a future lease for a five-year term. The trial court was justified in concluding that the written proposal tendered by defendant contained the terms agreed to and consequently plaintiff should not recover because under the findings

of the court he, and not the defendant, rejected the offer of a written lease thereby breaking the oral agreement for the written lease. *Ryan v. Shoenberger;* and 169 A. L. R. 187.

■ We cannot say that the trial court should not have believed defendant and his witness rather than plaintiff and his witness in the light of what transpired on November 15, 1950. On that day plaintiff gave defendant a check for $500 which bore the endorsement "Rent for 939 Roosevelt Rd. up to Dec. 31, 1950, lease to follow." Upon being handed this check defendant turned over the keys to the premises to plaintiff. The court was entitled to find that the parties had negotiated for a couple of months prior to November 15th; that they agreed upon a rental of $350 per month and settled upon $500 for the six-week period from November 15th to January 1st; that plaintiff was told the lease would provide for his maintenance of the heating system and his paying for the heat, and that the cost of any change in the heating system would have to be borne by plaintiff; that defendant had his lawyer prepare a written lease which plaintiff rejected as unsatisfactory; that in rejecting the written proposals plaintiff made no objection to the requirement about the heating; that defendant's lawyer subsequently had telephone conversations with plaintiff in which the latter suggested corrections and changes in the written proposal; that the attorney thereupon drafted a new proposal containing a conditional option which had not been in the original proposal, also a provision giving plaintiff a priority of purchase right in the event of a sale of the building; that the second written proposal was also rejected by plaintiff on the ground that there was no right to sublet; that during the six-week period to January 1, 1951 the premises were in condition to be occupied and that plaintiff had constructive possession;

249

and that on January 15th defendant rented the premises to another.

 On the basis of these findings the trial court was justified in concluding that the parties agreed orally on November 15, 1950 to make a written lease of the premises for a term commencing on that date; that that day in consideration of the payment of a stipulated rental of $500 defendant gave possession of the premises for a six-week period; that in the event of the execution of the written lease the shorter term would merge into the longer term; that plaintiff defaulted in executing a written lease containing the terms agreed upon; and that defendant was entitled to claim the $500 as rental for the six-week term. We cannot say that the court erred in making that decision.

· For the reasons given the judgment is affirmed.

*Judgment affirmed.*

FEINBERG, P. J. and LEWE, J., concur.