Martens v. Fields.

CLAUS H. MARTENS

v.

HENRY FIELDS ET AL.

FORCIBLE ENTRY AND DETAINER.—As the complaint in this case of forcible entry and detainer contains all the statute requires it was error to sustain a demurrer to it.

APPEAL from the Circuit Court of Calhoun county; the Hon. GEORGE W. HERDMAN, Judge, presiding. Opinion filed December 4, 1885.

The appellant instituted an action of forcible entry and detainer in the Circuit Court of Calhoun county, by filing his complaint in writing, as follows:

"State of Illinois, } ss.
  Calhoun county, }

April term 1885—In the Circuit Court.

Claus H. Martens }
        v.             } Forcible Entry and Detainer.
Henry Fields and  }
Wilhelmina Quilla. }

Claus H. Martens, being duly sworn, on his oath states that he is entitled to the possession of the following described premises, to wit : The southeast quarter of section twenty-three (23), in township eight (8) south, range three (3), west of the third principal meridian, in Calhoun county, Illinois, and that Henry Fields and Wilhelmina Quilla unlawfully withhold possession thereof from him.

                              CLAUS H. MARTENS.

Subscribed and sworn to before me by Claus H. Martens, this 25th day of March, 1885.

                              JOSEPH HAYN,
                              Justice of the Peace."

Summons was issued and duly served. The defendant demurred to the complaint. The court sustained the demurrer and gave judgment against the plaintiff for cost. ·

Mr. JAMES R. WARD, for appellant; that the complaint was sufficient, cited R. S. Ch. 57, § 5; St. Louis Stock Yards v. Wiggins Ferry Co., 102 Ill. 521; Peters v. Lake, 66 Ill. 203.

Messrs. BROWN & KIRBY, for appellees.

WALL P. J. The question is whether the complaint is sufficient. The proceeding is statutory, and it is safe to follow the form prescribed, under which any of the statutory grounds of recovery may be proved. This complaint contains all the statute required. The court erred in sustaining the demurrer.

The judgment is reversed and cause remanded.

                              Reversed and remanded.