## Robert E. Barbee, Agent, Appellee, v. Jackson M. Evans, Appellant.

### Gen. No. 25,676.

1. LANDLORD AND TENANT, § 88*—*when tenancy from year to year is created*. A tenancy from year to year is created where a tenant holds over, after the expiration of a former lease for one year, and pays rent at the old rate, nothing being said between the parties, and no agreement as to the time he shall hold being made.

2. LANDLORD AND TENANT, § 478*—*how tenancy from year to year is terminated*. A tenancy from year to year cannot be terminated by a demand for immediate possession, but such tenant must be notified to quit in accordance with the requirements of the Landlord and Tenant Act, Hurd's Rev. St. ch. 80, sec. 5 (J. & A. ¶ 7043).

3. LANDLORD AND TENANT, § 478*—*how notice to terminate tenancy must be served*. The mailing of a notice to quit to a tenant from year to year is not service in compliance with the Landlord and Tenant Act, Hurd's Rev. St. ch. 80, sec. 10 (J. &. A. ¶ 7048), providing that such notice may be served by "delivering" a copy thereof to the tenant.

4. TRIAL, § 199*—*when directed verdict is improper*. A directed verdict is improper where there is an important issue of fact to be passed on by the jury.

5. EVIDENCE, § 39*—*what presumption arises as to receipt 'of mailed matter*. Testimony as to writing, stamping and mailing a letter raises only a rebuttable presumption that the addressee received the letter within a reasonable time thereafter.

Appeal from the Municipal Court of Chicago; the Hon. HARRY C. MORAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1919. Reversed and remanded. Opinion filed November 30, 1920.

DANIEL S. WENTWORTH and DAVID B. MALONEY, for appellant.

WILLIAM ARTHUR ANDERSON, for appellee; MAX C. LISS, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

On May 1, 1919, Robert E. Barbee, as agent, filed in said municipal court a complaint in forcible detainer, alleging that he is entitled to the possession of certain premises in said city, described as "the second flat, No. 347 West 72nd Street," and that Jackson M. Evans unlawfully withholds the possession thereof from him. A summons was duly issued and on May 5, 1919, Evans entered his appearance and demanded a jury. On May 12, 1919, at the conclusion of the trial, at which evidence was introduced by both parties, the court instructed the jury to return a verdict finding Evans guilty of unlawfully withholding the possession of the premises from Barbee, which they did, and thereupon the court entered the judgment appealed from in favor of Barbee that he recover possession of the premises.

It appears from the undisputed evidence that on March 27, 1917, Barbee, as agent, by written lease, rented the premises to Evans for residence purposes for a term of one year, beginning May 1, 1917, and ending April 30, 1918, at the stipulated rental of $420, payable in instalments of $35 each on the first day of each and every month during said term; that Evans took possession of the premises and paid the rent as stipulated; and that at the end of said term Evans held over without any new lease being executed and other agreement made and paid rent of $35 each month (which was accepted by Barbee) up to and including the rent for the month of April, 1919.

In the case of *Johnson v. Foreman*, 40 Ill. App. 456, decided by the Appellate Court of this district, it is said (p. 460) : "A tenancy from year to year will be created where a tenant holds over, after the expiration of a former lease, for one or more years, and pays rent, nothing being said between the parties, no agreement as to the time he shall hold being made." In

the case of *Hately v. Myers,* 96 Ill. App. 217, decided
by the branch court of this district, it appears (p. 226)
that there was a "holding over by the tenant after
the determination of a lease for a definite term of one
year, with the consent of the landlord and the pay-
ment of rent at the old rate, but without any new
agreement as to the time of the holding"; and it was
held that under such a state of facts a tenancy from
year to year was created. In *Goldsborough v. Gable,*
140 Ill. 269, 273, it is said: "Appellee having re-
mained in possession after the expiration of the term
described in the deed without any new contract with
appellant in respect thereto, it was optional with appel-
lant to treat him as a trespasser, or waive the
wrong of holding over and treat him as a tenant;
and by accepting the payment of the month's rent
thereafter from appellee, appellant made his election,
and appellee then became a tenant of the premises,
under appellant, from year to year, upon the same
terms and subject to the same rent, etc., as is provided
to be paid in the original deed." (Citing cases.)

It would seem, therefore, that under the undisputed
evidence in the present case, Evans became a tenant
of the premises in question, under Barbee, from year
to year, the first year ending April 30, 1919.

In section 5 of the Landlord and Tenant Act (Hurd's
Rev. St. ch. 80, J. & A. ¶ 7043) it is provided:

"In all cases of tenancy from year to year, sixty
days' notice, in writing, shall be sufficient to terminate
the tenancy at the end of the year. The notice may
be given at any time within four months preceding
the last sixty days of the year."

In *Streit v. Fay,* 230 Ill. 319, 326, it is said:

"A tenancy from year to year cannot be terminated
by a demand for immediate possession, but such ten-
ant must be notified to quit in accordance with the
requirements of section 5 of chapter 80, Hurd's
Statutes of 1905."

In section 7 of said Act (J. & A. ¶ 7045) it is pro-

vided that "where a tenancy is terminated by notice," under said section 5, "no further demand shall be necessary before bringing a suit under the statute in relation to forcible detainer or ejectment."

In sections 10 and 11 of said Act (J. & A. ¶¶ 7048, 7049) it is provided:

"Sec. 10. Any demand may be made or notice served by *delivering* a written or printed, or partly written and printed, copy thereof to the tenant, or by leaving the same with some person above the age of twelve years, residing on or in possession of said premises; and in case no one is in the actual possession of said premises, then by posting the same on the premises.

"Sec. 11. When any such demand is made or notice served * * * by any person not an officer, the return may be sworn to by the person serving the same, and shall then be prima facie evidence of the facts therein stated."

It appears from the testimony of Barbee that on February 14, 1919 (more than 60 days before April 30, 1919), he wrote, stamped, and mailed a letter, bearing said date and addressed to Evans at said premises, in which it is stated:

"The lease which you now have for the second floor at No. 347 West 72nd Street expires April 30, 1919, and this notice cancels your present lease. * * * The owner finds it necessary to raise the rent to $38 per month. Enclosed find lease for the coming year. If you wish to keep the apartment for another year under these terms kindly notify me not later than February 22nd. If I do not hear from you by that time it will be necessary for me to place your apartment on the rent list."

It appears from Evans' testimony, in substance, that he received this letter some time early in the month of April, 1919; that he found it, with said proposed lease for the coming year inclosed, while looking through a desk in his flat, and did not remember ever seeing the letter before that time; that after he had

found the letter he had a conversation with Barbee over the telephone regarding the letter and regarding having certain decorating done in said flat; that Barbee then gave him the name and telephone number of his decorator and told him to call the decorator, arrange for the decorating, and to "fix up the lease and send it in"; that the decorator came and conversation was had with him regarding decorations on the basis of Barbee's allowing Evans one month's rent, or $38, for decorating, and that during said month of April certain decorating was done; that shortly after the telephone conversation with Barbee, Evans examined said proposed lease for the coming year, made certain changes and additions therein, signed it, and sent it to Barbee, together with a check for $38 for rent for the month of May, 1919; and that thereafter he received the following letter, dated April 9, 1919, from Barbee:

"The conditions of the leases which you returned is not at all satisfactory, and I am therefore returning them to you. The check which you sent is not for the April rent. You will also find it enclosed herewith. I wrote you sometime in February that unless the leases were returned to me by a certain date the flat would be for rent. You failed to return the leases by that date, therefore it is up to you to vacate the flat by May 1, 1919."

Evans did not vacate the flat on or prior to May 1, 1919, and was still in possession of the same at the time of the trial. On said May 1, Evans was personally served with a written demand, signed by Barbee, that the latter demanded "immediate possession of the premises" (describing them).

Assuming that Barbee's letter to Evans, dated February 14, 1919, was actually received by Evans 60 days prior to April 30, 1919, and further assuming that it was a sufficient notice, in writing, as to its form and substance, under section 5 of the Landlord and Tenant Act, to terminate Evans' tenancy from year

to year, it was not served on Evans in the manner provided by section 10 of said Act. And if it could be successfully contended that a notice by a landlord to terminate a tenancy from year to year, sent by mail to the tenant and actually received by the tenant more than 60 days before the end of the year, was sufficient, still, in the present case, the court erred in directing a verdict that Evans was guilty of unlawfully withholding the possession of the premises, because there was an important issue of fact to be passed upon by the jury, viz., whether Barbee's letter of February 14, 1919, was actually received by Evans 60 days or more prior to April 30, 1919. While the effect of Barbee's testimony as to writing, stamping and mailing the letter on February 14, 1919, was to raise a presumption of fact that Evans received the letter within a reasonable time thereafter, yet that was a rebuttable presumption. (*Henderson v. Carbondale Coal & Coke Co.,* 140 U. S. 25, 37; 2 Wharton on Evidence, sec. 1323.) And Evans testified that he received this letter some time early in the month of April, less than 60 days prior to April 30, 1919, when he found it in a desk on said premises.

The judgment of the municipal court is reversed and the cause is remanded.

*Reversed and remanded.*

BARNES, P. J., and MATCHETT, J., concur.