Betty Ziff, Appellee, v. Sandra Frocks, Inc., Appellant.

Gen. No. 44,049.

Opinion filed May 19, 1947. Released for publication June 3, 1947.

SAMUEL MORGAN and HARRY A. SELLERY, JR., both of Chicago, for appellant.

HARRY O. ROSENBERG, of Chicago, for appellee.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

April 12, 1946, plaintiff brought an action in the Circuit court of Cook county, to recover possession of the premises located at 4621–23 South State street, Chicago. Pleadings were filed, motions made, orders entered and afterwards a summary judgment was entered

in plaintiff's favor that she recover possession of the premises in question. Defendant appeals.

The record discloses that defendant failed to pay the rent for the months of February and March 1946. Plaintiff notified defendant by registered mail to pay the $200 due for February and March in accordance with the terms of the lease and further to pay rent on the first day of each month in advance commencing April 1, 1946, in accordance with the terms of the lease. It is admitted that this notice was received by defendant. On April 5, 1946, the rent for February, March and April not having been paid, plaintiff again notified defendant by registered mail, and it is admitted this notice was also received by defendant, that because of defaults, plaintiff had elected to declare the terms of the lease ended. A few days later, viz., April 12, 1946, the instant suit was brought.

In the trial court a number of defenses were interposed but on this appeal counsel for defendant say that all points are waived except that the notice given by plaintiff to defendant dated April 5, 1946, terminating the lease, having been sent by registered mail, was not in compliance with sections 8, 10 and 11, of chapter 80, of the Illinois Revised Statutes for 1945 [Jones Ill. Stats. Ann. 72.08, 72.10, 72.11]. That section 8 provides: "That a landlord . . . may, any time after rent is due, demand payment thereof and notify the tenant, in writing, that unless payment is made within a time mentioned in such notice, not less than five days after service thereof, the lease will be terminated. If the tenant shall not within the time mentioned in such notice, pay the rent due, the landlord" may sue for possession. Section 10 provides: "Any demand *may* be made or notice served by delivering a written or printed . . . copy thereof to the tenant, or by leaving the same with some person above the age of ten years, . . . and in case no one is in the actual possession . . . then by posting the

same on the premises.'' (Emphasis ours.) Section 11 provides that when such notice is served by any person not an officer the return may be sworn to by the person serving the same and shall then be *prima facie* evidence of the facts therein stated.

Counsel for defendant in support of their contention cite *Barbee v. Evans,* 220 Ill. App. 154 and *Foreman v. Hilton,* 280 Fed. 608. We think neither of these cases is in point. In the recent case of *Goroway v. Sheley,* 331 Ill. App. 181 (abst.), which was an action of forcible detainer, a similar contention was made. We there said: ''It is also objected that the notice of February 26, 1946, terminating the year to year tenancy as of April 30, 1946, is ineffective because not served in accordance with section 10, chapter 80, Illinois Revised Statutes. The section relied upon provides that any demand may be made or notice served by delivering a copy thereof to the tenant, or by leaving the same with some person above the age of 10 years, residing on or in possession of the premises; or by posting the same on the premises in case no one is in actual possession. The statute does not purport to restrict the making of a demand or the service of a notice to the particular methods stated in the statute. Unlike the case of *Barbee v. Evans,* 220 Ill. App. 154, there is no dispute in the instant case as to the receipt of the notice terminating the year to year tenancy and placing same on a month to month basis. In the written defense filed by the defendant and in her testimony she expressly admits receipt of the notice.''

██ Holding as we do that the notice of April 5 was sufficient, the judgment of the Circuit court of Cook county is affirmed.

*Judgment affirmed.*

NIEMEYER and FEINBERG, JJ., concur.