Ernest Thompson, Appellant, v. Simon Contreras, Joe Contreras, Sometimes Known as Jose Contreras, and Arturo Contreras, Appellees.

Gen. No. 45,375.

Opinion filed June 13, 1951. Released for publication July 30, 1951.

THOMAS M. POYNTON, JR., of Chicago, for appellant.

MARKS & MARKS, of Chicago, for appellees.

MR. JUSTICE KILEY delivered the opinion of the court.
This is a forcible detainer action to recover possession of apartment No. 13 in the building at 4608 South Wentworth Avenue, Chicago, Illinois. The complaint was dismissed on defendants' motion "with leave to file an amended complaint, if desired, within 10 days". Plaintiff appealed. The appeal was dismissed because

the order was not final. *Thompson v. Contreras,* 340 Ill. App. 527. After the mandate of this Court was filed in the Superior Court, plaintiff was denied leave to file an amended complaint and a final order was entered October 14, 1950, dismissing the cause. Plaintiff has again appealed.

The original complaint named Simon Contreras defendant. Subsequently motion was made for leave to add Joe and Arturo Contreras defendants. An affidavit in support of the motion stated that Simon Contreras had testified under oath in a deposition that he did not occupy apartment No. 13; that it was occupied by his two married sons, their wives and one child; and that they pay rent to him; and that the apartment remains in his name and he has a key. Leave was given and Jose and Arturo Contreras were named defendants.

The complaint alleges that the plaintiff is entitled to possession which is being unlawfully withheld and that plaintiff is seeking possession in good faith for his immediate personal use as a housing accommodation. The claim to the right of possession is based on an agreement made July 24, 1947, between the legal owner of the premises and plaintiff and his wife. Plaintiff alleged that by the terms of the contract he became a member of a co-operative association within the meaning of the Housing and Rent Act of 1947, and that he is entitled to maintain this action under Illinois law. He also alleged that Simon Contreras had sublet the apartment and was not himself in possession.

The question is whether the complaint states a cause of action.

■ The suit was commenced May 26, 1949. Plaintiff contends that since he gave notice of termination of the lease November 30, 1948, the United States Housing and Rent Act prior to the April 1948 Amendment is applicable. We think the law in effect when the suit was filed is controlling in this case.

The Housing and Rent Act of 1947, section 209 (a) (2) provided that no action for possession of controlled housing accommodations should be maintainable by a landlord so long as rent was paid unless, among other things, the landlord sought in good faith to recover possession for his immediate and personal use as a housing accommodation. In 1948 the subsection containing this exception was amended to include use for members of the landlord's immediate family and a provision was added under which, subject to certain limitations, members of a co-operative association were entitled to maintain actions for possession if by reason of their membership they were entitled to proprietary leases. In 1949 the Act was further amended and section 209 thereafter gave the Housing Expediter broad powers to effect the purposes of the Act by regulating, among other things, renting or leasing practices, including recovery of possession in connection with any controlled housing accommodation. Under the broad powers in the 1949 amendment of the Act, the Housing Expediter promulgated regulations containing section 825.6. This section prohibits removal of a tenant unless the landlord has obtained a Certificate of Eviction or unless one of several grounds set forth is present.

Plaintiff in this case undertook to particularize the allegations of his forcible detainer action. He sought to allege ultimate facts which, under the Housing and Rent Act, would entitle him to possession. Having done so, he had the burden of alleging, fully and with precision, the elements necessary to gain possession under the Act. 36 C. J. S. § 40.

The complaint does not allege that plaintiff has obtained a Certificate of Eviction from the Housing Expediter. Consequently, unless the complaint alleges a cause of action based on a ground specified in section 825.6 (a), the suit must fail. It is provided in section 825.6 (b) (1) that where any of the grounds permitted

by paragraph (a) are the basis of the action, the landlord shall give written notice to the Area Rent Office and to the tenant, which notice shall state the ground and the facts relied upon for removal of the tenant. There is no allegation that notice was given to the Area Rent Office. Section 825.6 (h) does not obviate the necessity of the notice required under section 825.6 (b) because this suit was not *pending* on April 1, 1949. Since plaintiff was required to give the notice under section 825.6 (b) (1) in order to avail himself of the permissive ground in section 825.6 (a) (4), and since there is no allegation that such notice was given to the Area Rent Office, plaintiff is not entitled to maintain the action under the alternative exception in 825.6 (a).

We need consider no other points argued here. Plaintiff, in order to succeed in his suit under the effective law on May 26, 1949, was required to obtain a Certificate of Eviction if he relied upon the agreement to purchase or to serve the required notice on the Area Rent Office if he relied upon the sublease. Since he undertook to specify his right to possession under the Housing and Rent Act and the complaint does not allege that either prerequisite was fulfilled, a cause of action was not stated. The trial court properly dismissed the complaint.

For the reasons given the judgment is affirmed.

*Judgment affirmed.*

BURKE, P. J. and LEWE, J., concur.