CHICAGO HOUSING AUTHORITY, Plaintiff-Appellant, *v.* LEE J. WALKER, Defendant-Appellee.

(No. 53946;

First District—December 30, 1970.

Kathryn M. Kula, Louis J. Gordon, Calvin H. Hall, and Irvin M. Murrell, all of Chicago, for appellant.

Gordon H. S. Scott, Sherwin Kaplan, of Legal Aid Bureau, Stanley A. Bass, and William P. Schwarz, all of Chicago, for appellee.

Mr. PRESIDING JUSTICE RYAN delivered the opinion of the court:

Plaintiff, the Chicago Housing Authority, filed a complaint under the Forcible Entry and Detainer Act (Ill. Rev. Stat. 1967, ch. 57, par. 5,)

against the defendant, Lee J. Walker, tenant in a housing development owned and operated by plaintiff. The suit was to recover possession of an apartment. The trial court allowed the defendant's motion to dismiss the complaint and entered judgment on the pleadings in favor of the defendant. This appeal followed. The lease executed by the plaintiff and defendant provides that after the expiration of the original term, the lease shall automatically be renewed for successive term of one calendar month until terminated by either party by giving to the other party at least 15 days' written notice. The notice of termination was given to the defendant as provided by the lease.

The Department of Housing and Urban Development (HUD) on February 7, 1967, issued a circular entitled "Terminations of Tenancy in Low-Rent Projects" which provides:

"Since this is a federally assisted program, we believe it is essential that no tenant be given notice to vacate without being told by the Local Authority, in a private conference or other appropriate manner, the reasons for the eviction, and given an opportunity to make such reply or explanation as he may wish."

The defendant contends that compliance with the HUD circular is a condition precedent to the plaintiff's right to maintain its Forcible Entry and Detainer Action for possession of the premises. He contends that it is therefore necessary that the plaintiff in its complaint affirmatively allege compliance with the provisions of the HUD circular. The trial court agreed with the defendant and entered judgment on the pleadings in favor of the defendant. We are of the opinion that the trial court erred for the following reasons.

The defendant relies on *Thorpe v. Housing Authority of Durham,* 393 U.S. 268, 21 L.Ed.2d 474, in which the Supreme Court of the United States considered this HUD circular and held that federally assisted public housing projects must apply the circular before evicting any tenant residing in the project. Although holding the compliance with the provisions of the circular mandatory, the court in *Thorpe* did not hold that the complaint had to allege compliance therewith. As it was not necessary to its decision, the Court did not make a ruling or comment upon the sufficiency of the pleadings of the Housing Authority. The Court did point out at page 481 that the circular's "minimal effect upon the Authority's responsibility in the Administration" of the project is aptly attested to by the Authority's own description of what the circular does not require:

"It does not * * * purport to change the terms of the lease provisions used by Housing Authorities, *nor does it purport to take away from the Housing Authority its legal ability to evict by complying with*

*the terms of the lease and the pertinent provisions of the State Law
relating to evictions* \* \* \* The circular imposes only one require-
ment: that the Authority comply with a very simple notification pro-
cedure before exicting its tenants." (Emphasis supplied.)

The Court further noted at page 482 and 483:

"\* \* \* the lease agreement between the Authority and petitioner
remains inviolate. Petitioner must still pay her rent and comply with
the other terms of the lease; and, as the Authority itself acknowledges,
she is still subject to eviction. HUD has merely provided for a particu-
lar type of notification that must precede eviction; and (i)n modes of
proceeding and forms to enforce the contract the legislature has the
control, and may enlarge, limit, or alter them, provided it does not deny
a remedy or so embarrass it with conditions or restictions as seriously
to impair the value of the right."

We are considering something here that is strictly a pleading question.
There is no contention made by the defendant that the Complaint filed
herein does not allege a good and sufficient cause of action of unlawful
detainer under the language of the statute (Ill. Rev. Stat. 1967, ch. 57,
par. 5). The defendant cites a number of OPA rent regulation cases de-
cided by the Illinois Courts and from other jurisdiction as the basis for
his argument that the plaintiff must plead compliance with the HUD
circular as a condition precedent to its maintenance of its action for
possession of the premises. We do not find them persuasive. *Thompson
v. Contreras,* 343 Ill.App. 617, contrary to defendant's argument, does
not hold that plaintiff must plead compliance with the Housing and
Rent Act of 1947 and the regulations promulgated thereunder in a forci-
ble detainer action, but merely provides that once the plaintiff undertakes
to particularize the allegations he must fully and with precision allege
the elements necessary to gain possession under the Act.

Other Illinois decisions cited by defendant, (*West Town Real Estate
Corp. v. Willett,* 331 Ill.App. 109; *Nofree v. Leonard,* 327 Ill.App. 143;
and *Kruse v. Ballsmith,* 332 Ill.App. 301), all were decided on the basis
of proof rather than pleadings and are therefore not germane to the
question before the Court. Likewise, *Elfenbein v. Grannakas,* 305
Ill.App. 389, is not applicable because it involved a matter of jurisdiction
rather than pleading.

■■ Our Courts have held that a complaint in a Forcible Entry and
Detainer action is sufficient if the plaintiff states he is entitled to pos-
session and that the defendant unlawfully withholds possession from
him because the proceeding is statutory and this is all the statute re-
quires. *Marten v. Fields et al.,* 17 Ill.App. 483; *Magnuson v. Jechort,* 288
Ill.App. 624.

The basic principle set out by these decisions has never been refuted or modified by our Court or by the legislature.

In every Illinois case we can find in which a question of whether or not proper notice to terminate a tenancy had been given under any of the provisions of the Landlord and Tenant Act (Ill. Rev. Stat. 1967, ch. 80) as part of the foundation for a Forcible Entry and Detainer Action the Courts have always ruled on the question as a matter of evidence rather than on pleadings. See *Bell v. Groom*, 224 Ill.App. 58; *Barbee v. Evans*, 220 Ill.App. 154; *Creighton v. Sanders*, 89 Ill. 543; *Bedell v. Clark*, 151 Ill.App. 419.

■■ We believe there is an analogy between the cases where non-compliance with notice requirements of the Landlord and Tenant Act was raised as a matter of defense, and the instant case. The United States Supreme Court indicated in the *Thorpe* case that the circular does not purport to take away the Authority's right to pursue eviction pursuant to the provisions of the State law. Illinois law, as we have indicated, provides that the plaintiff need only plead the minimum statutory requirements to make a complaint for Forcible Entry and Detainer legally sufficient. Non-compliance with the circular is a matter to be raised as an affirmative defense by the defendant. It is not a matter which plaintiff must plead in the complaint.

Judgment reversed and cause remanded.

STOUDER and ALLOY, JJ., concur.